```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/10/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHELSEA HOTEL OWNER LLC, IRA
DRUKIER, RICHARD BORN, and SEAN
MACPHERSON,

                          Plaintiffs,

    - against -

CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF HOUSING
PRESERVATION & DEVELOPMENT,
MARTHA ANN WEITHMAN, in her official
capacity as Assistant Commissioner of the New
York City Department of Housing Preservation &
Development, and NEW YORK CITY
DEPARTMENT OF BUILDINGS,

                          Defendants.

**STIPULATED PROTECTIVE ORDER**

21-cv-3982 (ALC) (RWL)

---

       Subject to the Court's approval, Plaintiffs Chelsea Hotel Owner LLC, Ira Drukier, Richard Born, and Sean MacPherson (collectively, "Plaintiffs") and defendant City of New York ("Defendant," and together with Plaintiffs, the "Parties"), by their respective counsel in the above-captioned litigation (this "Action") hereby stipulate to the following protective order pursuant to FRCP 26(c), which (i) limits the review, copying, dissemination, and filing of Confidential Material (as defined herein); and (ii) sets forth the procedures for designating and protecting such material (this "Stipulation and Order").

*Designation of Discovery Materials as Confidential*

       1.     This Stipulation and Order shall apply to and govern all information the disclosing party designates as confidential during discovery in this Action. This includes depositions, documents produced in response to requests for production of documents, answers to

interrogatories, responses to requests for admissions, all other discovery in any form, and all copies thereof and information contained therein (the "Confidential Material").

2. When used in this Stipulation and Order, the phrase "disclosing party" shall refer to the Parties or non-parties to this Action producing Confidential Material.

3. When used in this Stipulation and Order, the phrase "receiving party" shall refer to the Parties or any non-party to this Action receiving Confidential Material from a disclosing party.

4. A disclosing party may designate as "CONFIDENTIAL" any information it believes in good faith constitutes trade secrets, proprietary business or City information, information that is subject to a confidentiality or non-disclosure agreement between the designating party and any third party, or other sensitive information the disclosure of which would, in the good faith judgment of the designating party, if disclosed to the public in general, cause harm or be detrimental to the conduct of the disclosing party's business or other proprietary, governmental, or privacy interest.

5. Nothing herein shall impose any additional confidentiality obligation upon: (i) information that was or is in the public domain; (ii) information that already was in the possession of the receiving party in the form in which it was produced; (iii) information known to the receiving party through proper means; or (iv) information obtained by a Party from a source other than the disclosing party who is or was rightfully in possession of such information on a non-confidential basis.

6. In the event any person having Confidential Material produced in this Action receives a public record request, subpoena, or other process or order to produce such information, such receiving party shall promptly notify the disclosing party and provide it with a copy of the request; and shall make reasonable efforts to provide the disclosing party with reasonable time to

object to such disclosure. Nothing in this Stipulation and Order shall be construed to require the receiving party to give written notice where prohibited by law or preclude any Party from disclosing Confidential Material if required by law.

***Who May Receive Confidential Material & Use Limitations***

7. Confidential Material subject to this Stipulation and Order may be used only for purposes of this Action and shall not be disclosed by the receiving party to anyone other than those listed in paragraph 10 herein, except by prior written agreement of the disclosing party or by order of the Court. Any person receiving Confidential Material shall use reasonable measures to store and maintain the Confidential Material so as to prevent unauthorized disclosure. Reasonable measures include the use of best practices to maintain the security and integrity of electronic data and files.

8. Persons to whom Confidential Material is disclosed per paragraph 10 herein shall be informed, prior to being shown materials marked as "CONFIDENTIAL" that he/she (i) is being shown such materials solely for use in this Action and (ii) shall not retain any documents marked as "CONFIDENTIAL" after the termination of this Action.

9. All copies, reproductions, summarizations, extractions, and abstractions of the Confidential Material shall be treated as Confidential Material subject to the terms of this Stipulation and Order.

10. In the absence of an order of the Court or prior written agreement of the disclosing Party, material designated as "CONFIDENTIAL" may be disclosed or made available only to the following persons:

    a. The Parties, including a Party's employees necessary to assist in the Action;

- 4 -

    b. The attorneys working on this Action on behalf of any Party, including attorneys consulting with or advising any Party to this Action, in-house/agency attorneys, paralegals and staff, stenographic and clerical employees, and contractors working under the direct supervision of such counsel;

    c. Any expert or consultant who is expressly retained by any attorney described in Paragraph 10(b) to assist in this Action, and their employees, with disclosure only to the extent reasonably necessary to perform such work;

    d. As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    e. Any deponent or trial witness, if it appears that the witness authored or received a copy of the Confidential Material, was involved in the subject matter described therein, or is employed by the party who produced the Confidential Material, or if the disclosing party consents in writing to such disclosure;

    f. The Court, jury, court personnel, court reporters, and other persons connected with the Court; and

    g. Any other person whom the disclosing party agrees in writing may have access to such Confidential Material.

11. The persons described in Paragraph 10 shall have access to the Confidential Material only after they have been made aware of the provisions of this Stipulation and Order, including, without limitation, Paragraphs 7-9. The persons described in Paragraph 10(c), 10(e)

and 10(g) shall have access to the Confidential Material only after counsel retaining, representing, interviewing, or deposing those persons has provided a copy of this Stipulation and Order to such persons for review and those persons manifest their assent to be bound by the provisions of this Stipulation and Order by signing a copy of the annexed "NONDISCLOSURE AGREEMENT." Counsel shall produce it to the disclosing party upon request prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first. Counsel shall retain copies of the signed "NONDISCLOSURE AGREEMENT" until the completion of this Action and the return or destruction of Confidential Material in accordance with Paragraph 28.

***Designating and Producing Confidential Material***

12. Other than deposition transcripts and exhibits, the disclosing party or that party's counsel shall designate Confidential Material by performing all of the following: (i) stamping or otherwise clearly marking as "CONFIDENTIAL" the material in a manner that will not interfere with legibility or audibility; and (ii) identifying the Confidential Material as "CONFIDENTIAL" in the "Designation" data field for all productions.

13. Deposition transcripts and exhibits may be designated as "CONFIDENTIAL" either on the record during the deposition or in writing within thirty (30) days of receipt of the transcript. If so designated, the final transcript of the designated testimony shall be bound in a separate volume and marked by the reporter as "Confidential Information Governed by Protective Order."

14. Any disclosing party who has designated a document or information as "CONFIDENTIAL" may remove such document or information from the scope of that protection by notifying all other Parties in writing.

*Objecting to Designations of Confidentiality and Seeking an Order to Produce Such Material*

15. In the event a Party disagrees at any stage of this Action with any "CONFIDENTIAL" designation, such Party shall provide to the disclosing party written notice of its disagreement with the designation, describing with particularity the Confidential Material in question and stating the grounds for objection. The disclosing party shall respond to the objection in writing within fourteen (14) days, and shall state with particularity the grounds for asserting that the Confidential Material is properly designated. If no written response to the objection is made within fourteen (14) days, the challenged designation is deemed void. If a timely written response to the objection is made, the parties shall first try to resolve the dispute in good faith by meeting and conferring. If the dispute cannot be resolved, the Party challenging the designation may request, within a reasonable time period, appropriate relief from the Court consistent with the Court's discovery rules.

*Filing Confidential Material in this Action and Use at Trial*

16. For any filing any material designated as "CONFIDENTIAL" relating to general pre-trial matters referred to Magistrate Judge Lehrburger, the Parties shall comply with the rules for redactions and filing under seal set forth in the appendix A to Magistrate Judge Lehrberger's Individual Practices in Civil Cases. For any filing any material designated as "CONFIDENTIAL" relating to all other matters, the Parties shall comply with Rule 6(C)-(D) of Judge Carter's

Individual Practices, including the requirement to obtain leave of Court before filing any document under seal.

17. Any documents designated as "CONFIDENTIAL" by any Party that are designated in advance by any other Party as proposed trial exhibits in the joint pretrial order required by Rule 4(A) of Judge Carter's Individual Practices, may be offered into evidence in open court unless the Party that designated them as "CONFIDENTIAL" obtains an appropriate protective order from the Court.

*Notice of Breach*

18. If Confidential Material is disclosed to any person other than in the manner authorized by this Stipulation and Order, the person or Party responsible for the unauthorized disclosure must within (5) days of discovering the disclosure bring all pertinent facts relating to such disclosure to the attention of the disclosing party and, without prejudice to any other rights and remedies of the Parties or third parties, make every effort to prevent further disclosure by it or by the person who was the unauthorized recipient of such material and seek prompt return or destruction of the Confidential Material from the unauthorized recipient.

*Clawback of Confidential Material*

19. If at any time prior to the termination of this Action, a producing party realizes that it has produced Confidential Material without designating it as such, the producing party may designate such material as "CONFIDENTIAL" by promptly notifying all Parties in writing. The notification must designate the Confidential Material as "CONFIDENTIAL" according to this Stipulation and Order. Such material will thereafter be treated as Confidential Material under the

terms of this Stipulation and Order.  The disclosing party shall provide the other Parties with replacement versions of such Confidential Material and follow the designation and production requirements of paragraph 12 within (10) business days of providing such notice.

20. The receiving parties, within ten (10) business days of receiving the replacement versions of Confidential Material pursuant to paragraph 19, regardless of whether the receiving parties agree with the claim of confidentiality, shall: (a) destroy the Confidential Material or return it to the disclosing party, including any paper or electronic copies, and replace it with the new version; (b) notify any third party to whom the receiving parties sent or disclosed such identified Confidential Material to return it to the disclosing party or destroy it and replace it with the new version; and (c) treat as confidential any work product, analysis, memoranda, or notes reflecting the content of such produced Confidential Material and/or which were generated by the receiving parties (and/or receiving parties' consultants, experts, and/or agents) based upon such Confidential Material.  If any additional work product, analyses, memoranda, or notes are later discovered, they shall immediately also be treated as confidential.  The receiving parties shall notify the disclosing party in writing once these actions have been completed.

21. Nothing in this Stipulation and Order shall preclude any party from seeking additional or different relief to protect information that is proprietary, competitive, sensitive, or personal.

***Rights, Limitations, and Modifications***

22. A party's compliance with the terms of this Stipulation and Order shall not operate as an admission by that party that any particular document or information is or is not (i) responsive;

(ii) privileged; (iii) reflective of personally identifiable information; or (iv) admissible in this Action.

23. Nothing in this Stipulation and Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the disclosing party that such materials have been produced. Nothing contained herein will prevent, limit, or restrict the parties hereto in any way from objecting to or asserting an immunity or privilege in any prior or subsequent litigation with respect to any material produced in this Action. Nor is anything herein intended to limit a party's right, if any, to properly redact information that is privileged or otherwise protected prior to disclosure.

24. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents and related information (including metadata) for responsiveness, privilege, personally identifiable information, and/or protected information before disclosure.

25. This Stipulation and Order may be changed only by further agreement of the parties in writing or by order of the Court and is without prejudice to the right of any party to seek modification or judicial relief of this Stipulation and Order by application to the Court on notice to the other party. This Stipulation and Order shall remain in full force and effect until modified, superseded, or terminated either by consent of the parties or by order of the Court.

*Right to Assert Other Objections*

26. This Stipulation and Order shall not be construed to waive or diminish any right to assert a claim of privilege, relevance, over breadth, proportionality, or other grounds for not producing material requested during discovery, and access to all material (whether designated as

"CONFIDENTIAL" or not) shall be granted only as provided by the discovery rules and other applicable law.

*Severability*

27.     The invalidity or unenforceability of any provision of this Stipulation and Order shall not affect the validity or enforceability of any other provision of this Stipulation and Order, which shall remain in full force and effect.

*Termination of the Litigation*

28.     This Stipulation and Order shall survive the termination of this Action, including any and all appeals, and remain in full force and effect unless modified by an order of this Court. Within sixty (60) days of the termination of this Action, including final appellate action or the expiration of time to appeal or seek further review, all Confidential Material that has been designated in accordance with all of the requirements of paragraph 12 and all copies, reproductions, summarizations, extractions, and abstractions thereof, shall be returned to the disclosing party or destroyed.  At the conclusion of this 60-day period, counsel for each party shall provide to the other parties a certification stating that, to counsel's knowledge and belief, the party has either returned or made commercially reasonable efforts to destroy all Confidential Material in accordance with this Stipulation and Order.  Notwithstanding the foregoing, counsel may retain Confidential Materials that (i) constitute attorney work product; (ii) were filed with the Court and/or marked as trial exhibits; or (iii) constitute deposition transcripts and exhibits, if such counsel otherwise comply with the provisions of this Stipulation and Order with respect to such retained material.

29. This Court shall retain jurisdiction over all persons subject to this Stipulation and Order for so long as such persons have Confidential Material and to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

[Signature page to follow]

**STIPULATED TO:**

| | |
|---|---|
| **OFFICE OF THE CORPORATION COUNSEL** | **KASOWITZ BENSON TORRES LLP** |
| By: */s/ Thomas J. Rizzuti* | By: */s/ Jennifer S. Recine* |
| Thomas J. Rizzuti | Jennifer S. Recine |
| 100 Church Street | 1633 Broadway |
| New York, New York 10007 | New York, New York 10019 |
| *Attorneys for Defendant the City of New York* | *Attorneys for Plaintiffs Chelsea Hotel Owner LLC, Ira Drukier, Richard Born, and Sean MacPherson* |
| Dated: New York, New York | Dated: New York, New York |
|       January 10, 2023 |       January 10, 2023 |

**SO ORDERED:**

Dated: 1/10/2023
      New York, New York          Hon. Robert W. Lehrburger

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHELSEA HOTEL OWNER LLC, IRA DRUKIER, RICHARD BORN, and SEAN MACPHERSON,<br><br>                        Plaintiffs,<br>  - against -<br><br>CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION & DEVELOPMENT, MARTHA ANN WEITHMAN, in her official capacity as Assistant Commissioner of the New York City Department of Housing Preservation & Development, and NEW YORK CITY DEPARTMENT OF BUILDINGS,<br><br>                        Defendants. | **NONDISCLOSURE AGREEMENT WITH RESPECT TO THE STIPULATED PROTECTIVE ORDER** |

       I, _____, state that:

    1.    My address is_____.

    2.    My present occupation or job description is _____.

    3.    I have received a copy of the STIPULATED PROTECTIVE ORDER (the "Stipulation and Order") entered in the above-entitled action on _____.

    4.    I have carefully read and understand the provisions of the Stipulation and Order.

    5.    I will comply with all of the provisions of the Stipulation and Order.

    6.    I will hold in confidence, will not disclose to anyone not qualified under the Stipulation and Order, and will use only for purposes of this Action, any Confidential Material that is disclosed to me.

- 14 -

7. I will return all Confidential Material that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Material.

8. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulation and Order in this Action, and I understand that my willful violation of any term of the Stipulation and Order could subject me to punishment for contempt of Court.

_____
(Signature)

_____
(Printed Name)

_____
(Title or Position)

_____
(Company)

Dated: _____