```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CHELSEA HOTEL OWNER LLC et al,              :
                                            :       21-CV-3982 (ALC) (RWL)
                         Plaintiffs,        :
                                            :
        - against -                         :       ORDER
                                            :
CITY OF NEW YORK et al,                     :
                                            :
                         Defendants.        :
-------------------------------------------------------------X
```

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This order resolves the parties' dispute regarding documents withheld in whole or in part by the City of New York (the "City") as privileged or otherwise protected from production. The Court has reviewed the parties' letter briefs as well as the 25 documents chosen by Plaintiff Chelsea Hotel Owner LLC ("Chelsea") from the City's privilege log and submitted at the Court's request for in camera review. (*See* Dkts. 92, 95, 97, 100, 101, 110.) The order first addresses the general issues raised by the parties, and then provides a ruling on each of the documents. Based on the principles set forth below and the Court's ruling on the sample documents, the City shall produce to Chelsea the documents that the Court has ruled be produced and shall reconsider the City's privilege claims on the other withheld documents challenged by Chelsea and produce any that should be produced consistent with this order. Within 14 days of entry of this order, the City shall provide to Chelsea a list of the documents removed from their privilege log and shall produce the documents so removed. If disputes remain, the parties shall meet and confer in good faith.

**General Principles**

These principles track the order addressed by Chelsea in its letter brief at Dkt. 101.

1. **Evidentiary support for privilege claims:** The Court does not require an evidentiary showing beyond what the City has presented, at least for ruling on the 25 sample documents submitted for in camera review.

2. **Relationship among agencies:** As the Court already has indicated (Dkt. 97), the Department of Buildings (DOB) and the Department of Housing Preservation and Development (HPD) shared a common legal interest in addressing issues raised with respect to the classification and proceedings at issue, including the disputes pertaining to the hotel's status. Chelsea's Complaint demonstrates the point by alleging, for example, that DOB acted on what HPD told them, that "the City's policy decisions were carried out by HPD and DOB (¶ 3), DOB "deferred to HPD's policy judgment" (¶ 18), efforts by the building owner "to resolve the matter consensually with DOB and HPD … was met with *a* stone wall" (¶ 19) (emphasis added); HPD "leaned on DOB" (¶ 20); and "DOB deferred entirely to HPD" (¶ 111). To be clear, the common legal interest extends only to communications between DOB and HPD that otherwise qualify as privileged.

3. **Legal Advice vs. Advice About Policy or Public Relations:** The mere fact that DOB and HPD communicated about policy and other matters, or that counsel from either Department were involved or referenced in the communication, does not render the communication protected; rather, it is only if, and to the extent, the communication contains legal advice provided by (or requested of) one of the Department's counsel. Legal advice may include advice to policy makers and internal public relations personnel. The mere fact that the legal advice was provided in aid of

2

determining policy or public statements does not render the communication non-privileged. Conversely, the mere fact that the communication involved an attorney does not make the communication privileged; the attorney must have provided legal advice or have been asked to provide legal advice. It is fairly common that policy makers happen to be lawyers; many of their communications will not be protected by attorney-client privilege.

    **4.** **Work Product and Substantial Need:** Work product must be because of or in anticipation of litigation and must reflect attorney impressions, conclusions, etc. An attorney's input about the content of what statements to make publicly about the litigation may or may not be privileged depending on the specific context. As for substantial need, Chelsea makes only general, conclusory statements of substantial need. Several of Chelsea's statements in support of their application suggest that Chelsea asserts substantial need as a basis to overcome attorney-client privilege, not merely work-product. Substantial need, however, generally is an exception to work-product protection, not the attorney-client privilege. *See Upjohn Co. v. United States*, 449 U.S. 383, 401 (1981) (distinguishing between attorney work product, to which the substantial need exception applies, and attorney-client protection to which it does not); *In re Pfohl Brothers Landfill Litigation*, 175 F.R.D. 13, 22 (W.D.N.Y. 1997) (explaining that "even if Defendants demonstrate a substantial need for the items that are protected by the attorney-client privilege, such items will remain protected from disclosure until and unless that privilege is waived"); *see also Guo Wengui v. Clark Hill, PLC*, 338 F.R.D. 7, 13 (D.D.C. 2021) ("unlike the work-product privilege, which may be overcome by a sufficient showing of need, the attorney-client privilege is absolute").

5. **Waiver:** Chelsea has not demonstrated as a general matter that the City seeks to use privilege as both a shield and a sword or otherwise waived privilege by relying on advice of counsel. The City's defense that it acted reasonably is not itself a waiver of attorney-client privilege. That said, the City may not selectively choose which documents (or portions of documents) to produce and to withhold as privileged; in other words, if two documents (or portions of documents) concerning the same subject matter both could be withheld based on privilege, the City may not selectively produce one without producing the other (absent some independent basis for doing so). Doing so would result in waiver. Chelsea claims that the City "has asserted privilege strategically and inconsistently to withhold some factual information while disclosing other information on the same topic" but has not provided any sufficiently specific example. (Dkt. 101 at 5.) The parties should meet and confer about Chelsea's concerns in this respect; Chelsea should be specific and provide examples so that the discussion is not in the abstract.

6. **Changing Privilege Assertions:** Chelsea correctly points out that the City's privilege assertions have been fluid, with certain privilege claims added when they had not previously been included and others removed when they previously had been included. That practice is frowned upon, whether strategic or a result of inadequate legal work. *See Securities and Exchange Commission v. Yorkville Advisors, LLC*, 300 F.R.D. 152, 166 (S.D.N.Y. 2014) ("Neither the Federal Rules of Civil Procedure nor the Local Civil Rules permit any party to make its assertions of privilege a moving target"); *In re Honeywell International Income Securities Litigation*, 230 F.R.D. 293, 299-300 (S.D.N.Y. 2003) ("Parties should not be permitted to re-engineer privilege logs to align their privilege assertions with their legal arguments"). That concern, among others, prompted the Court

to request submission of documents for in camera review. Based on the Court's review of those documents (as discussed below), the Court does not find a basis to strike the City's belated assertions of privilege or protection merely based on the timing of their assertion.

**7.     Deliberative Process Privilege:**  The deliberative process privilege protects documents that are (1) predecisional, meaning that they are prepared in order to assist an agency decisionmaker in arriving at their decision, and (2) deliberative, meaning actually related to the process by which policies are formulated.  The privilege is interpreted narrowly, and when the decision-making process itself is the subject of the litigation, the deliberative process privilege may not be a bar to discovery.  To establish the privilege, the entity asserting the privilege must provide an affidavit or declaration that identifies and explains the role that a given document has played in the decision-making process.  Even where the privilege is established, it may be overcome by a showing of need, based on balancing factors, including relevance, availability of other evidence, seriousness of the litigation and the issues involved, the government's role in the litigation, and the possibility of future timidity by government employees. In balancing these interests, foremost is the interest of the litigants, and ultimately of society, in accurate judicial fact finding.  *See Dorce v. City of New York*, No. 19-CV-2216, 2023 WL 754345, at *3-4 (S.D.N.Y. Nov. 13, 2023) (explaining the principles of the deliberative process privilege and citing cases).

Chelsea asserts that the City has asserted the deliberative process privilege "exclusively … over communications regarding press inquiries after the [Office of the Administrative Trials and Hearings ("OATH")]", proceeding was withdrawn" on January 5,

5

2021.  (Dkt. 101 at 6.)  The Court agrees that the deliberative process privilege does not apply to those communications, although they may be protected for other reasons as set forth below.

### The Documents Reviewed In Camera

The documents track the order addressed by Chelsea in its letter brief at Dkt. 101.

**1. DEF080806:**  This response, formulated primarily by non-lawyers to a reporter's question shall be produced in full.  Although the content includes legal subject matter, and a lawyer is one of the recipients, the communication does not reveal any protected attorney-client advice or request for advice.

**2. DEF092118:**   This email exchange shall be produced in full.  The redacted version produced discloses the question from Weithman to Wallace but redacts only the answer.  That violates the shield/sword rule; it would be unfair for the City to assert the fact of having made a certain inquiry, potentially to show that it acted reasonably, without providing the response to the inquiry.  The Court also finds it relevant that the document was ordered to be produced in full in the OATH proceeding, even if that compelled production does not constitute waiver.

**3. DEF077204:**  This internal HPD email exchange between "inhouse" counsel and client was appropriately redacted to protect a request and response for legal advice.

**4. DEF084872:**  This email exchange redacts an inter-agency request for legal advice.  It is appropriately redacted in part.  Wallace's statement at 12:53 is purely a statement of fact and shall be unredacted.

**5. DEF091718:**  Most of the redactions in this email exchange are appropriate. However, the redaction at the top half of DEF091719 shall be unredacted as being factual material.

**6. DEF091694:**  This email exchange has been redacted appropriately based on attorney-client privilege and common legal interest.

**7. DEF082745:**  Most of the redactions in this email exchange are appropriate. However, the redacted portion of the email sent from Wallace at 2:03 on December 17 appearing on DEF082746 shall be unredacted as the information therein merely concerns the logistics of scheduling.

**8. DEF081025:**  This email exchange has been redacted appropriately based on attorney-client privilege and common legal interest.

**9. DEF081027:**  This email exchange has been redacted appropriately. Requesting advice on how to respond to a press inquiry regarding a legal matter can be, and in this instance is, protected attorney-client communication.

**10. DEF083473:**  Most of the redactions in this email exchange are appropriate. However, the redacted portion of the email sent from Martin Rebholz at 1:58 on 2/18/20 shall be unredacted.  There is no request for, or provision of, legal advice.

**11. DEF079551:**  This email exchange has been redacted appropriately, primarily based on attorney-work product protection.  Plaintiff has no substantial need for this material.

**12: Priv-WIF-0374:**  This email exchange has been withheld appropriately, primarily based on attorney work-product protection.  Plaintiff has no substantial need for this material.

**13. DEF083563:** This email exchange has been redacted appropriately based on attorney-client privilege, common interest, and attorney work-product protection.

**14. DEF082367:** This email exchange shall be unredacted in full. The communications reflect factual matter about responding to a reporter's question and do not reflect legal advice or a request for legal advice.

**15. DEF083624:** This email exchange has been redacted appropriately based on attorney-client privilege, common legal interest, and work-product protection.

**16. DEF082477:** This email exchange has been redacted appropriately based on attorney-client privilege and common legal interest.

**17. DEF083666:** The redactions in this email reflect selective redaction based on the attorney-client privilege. The document shall be produced in full.

**18. DEF081488:** This document contains portions that may appropriately be redacted pursuant to the attorney-client privilege and portions that may not. The emails authored directly by Lundgren and Weithman providing legal advice, including as it pertains to the draft statement, and not merely administrative matters (such as setting time for a meeting or adding someone to an email chain), may be redacted as protected by the attorney-client privilege. The draft language for the statement from others may also be redacted so long as it is contained in a communication seeking the legal input of either Lundgren or Weithman. All other emails or portions of emails shall be produced. Neither work-product protection nor the deliberative process privilege apply.

**19. Priv-WIF-1412:** This document contains portions that may appropriately be redacted pursuant to the attorney-client privilege and portions that may not. The emails authored directly by Lundgren and Weithman providing legal advice, including as it

pertains to the draft statement, and not merely administrative matters (such as setting time for a meeting or adding someone to an email chain), may be redacted as protected by the attorney-client privilege.  The draft language for the statement from others may also be redacted so long as it is contained in a communication seeking the legal input of either Lundgren or Weithman.  All other emails or portions of emails shall be produced.  Neither work-product protection nor the deliberative process privilege apply.

20. **DEF084012:**  This document has been redacted appropriately based on attorney-client privilege.  Neither the work product protection nor the deliberative process privilege apply.

21. **DEF082670:**  This document contains portions that may appropriately be redacted pursuant to the attorney-client privilege and portions that may not.  The emails authored directly by Lundgren and Weithman providing legal advice, including as it pertains to the draft statement, and not merely administrative matters (such as setting time for a meeting or adding someone to an email chain), may be redacted as protected by the attorney-client privilege.  The draft language for the statement from others may also be redacted so long as it is contained in a communication seeking the legal input of either Lundgren or Weithman.  All other emails or portions of emails shall be produced.  Neither work-product protection nor the deliberative process privilege apply.

22. **Priv-WIF-0027:**  This document has been withheld appropriately based on attorney-client privilege and common legal interest.

23. **Priv-WIF-0090:**  This document shall be produced in its entirety.  It does not reflect request for or provision of legal advice.

**24. Priv-WIF-0108:** This document has been withheld appropriately based on attorney-client privilege and common legal interest.

**25. Priv-WIF-1439:** This document shall be produced in redacted form. The last substantive paragraph on the page (the second paragraph in Oliveira's January 21, 2021 email sent at 10:41 am) is attorney work-product and may appropriately be redacted. All else in the document shall be produced.

To the extent any of the following docket numbers are an open motion, the Clerk of Court is respectfully directed to terminate them: Dkts. 92, 95, 97, 100, 101, 110.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: January 29, 2024
         New York, New York

Copies transmitted this date to all counsel of record.