# King & Spalding

King & Spalding LLP
1185 Avenue of the Americas, 34th Floor
New York, New York 10036
Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

Jennifer S. Recine
Direct Dial: +1 212 556 2370
jrecine@kslaw.com

March 19, 2025

**VIA ECF**

Hon. Andrew L. Carter, Jr., United States District Judge
United States District Court for the Southern District of New York
40 Foley Square, Room 435, New York, NY 10007

      Re:    *Chelsea Hotel Owner LLC, et al. v. City of N.Y.*, 21-cv-3982 (ALC) (RWL)

Dear Judge Carter:

      We write on behalf of Plaintiffs Chelsea Hotel Owner LLC, Ira Drukier, Richard Born, and Sean MacPherson to request a status conference regarding the three pending objections[1] to discovery rulings from Magistrate Judge Lehrburger and setting this matter for trial.

      Plaintiffs filed this case nearly four years ago. And, as Plaintiffs have raised repeatedly throughout discovery, several parties and key witnesses in this matter, including plaintiff Ira Drukier and witnesses from the City (such as Deborah Rand and Martin Rebholz), who are retired, have changed jobs, and/or are of advanced age. *See* ECF No. 68 at 3 ("The City has no reasonable justification for its delays and assumes it will receive endless extensions of the discovery schedule, causing severe prejudice to Plaintiffs' ability to preserve the testimony of aging witnesses (including Ms. Rand)."). In particular, for percipient witnesses who have retired or changed professions, their lack of ongoing involvement in the City's operations will likely expedite the rate at which their memories of the facts relevant to this case decline.

      The Court appeared prepared to move this case forward on November 15, 2024, when it issued a short schedule for summary judgment. *See* ECF No. 180. Plaintiffs wrote in response to note that the Discovery Objections needed to be resolved in order for Plaintiffs to meaningfully oppose summary judgment, since Plaintiffs are being deprived of documents from the City. Plaintiffs had hoped that, in response, the Court would keep the short summary judgment schedule (since the Discovery Objections do not bear on Defendant's opening motion) and promptly rule

---

[1] The first objection, filed by Plaintiffs, concerns a January 11, 2024 order that partially denied Plaintiffs' motion to compel the production of documents improperly withheld or redacted by Defendant on privilege grounds (the "First Objection"). ECF Nos. 117, 124, 128. The second objection, filed by Defendant, concerns an April 8, 2024 order holding that Defendant had put privileged communications and work product at issue in this litigation and requiring Defendant to produce all documents and communications that would shed light on Defendant's knowledge of pertinent facts during the relevant time period (the "Second Objection"). ECF Nos. 151, 160. The third objection, filed by Plaintiffs, concerns a July 19, 2024 order denying Plaintiffs' motion to compel discovery of relevant communications (the "Third Objection"). ECF Nos. 177, 178. The First Objection, Second Objection and Third Objection are collectively referred to as the "Discovery Objections."

March 19, 2025
Page 2

on Discovery Objections, certain of which have been pending since January 2024. Instead, the Court suspended summary judgment for an indeterminate period pursuant to its December 10, 2024 Order. *See* ECF No. 182. This indefinite suspension is particularly concerning and potentially highly prejudicial given that in the previous twelve months a crucial witness for Plaintiffs has had serious health issues, which required major surgery and a lengthy period of recuperation.

With each passing day, the risk that key witnesses will become unable to testify at trial increases. Plaintiffs therefore respectfully request that the Court set an immediate status conference to address the pending Discovery Objections and simultaneously set an expeditious schedule for Defendant to submit its summary judgment motion, since the outstanding issues have no impact on Defendant's moving brief. Plaintiffs also ask that the Court set a strict schedule for the remainder of this matter so that it may be tried before key witnesses might become permanently unavailable. Defendant's option to file a summary judgment motion should not be at the expense of the expeditious trial of the issues in this case.

                                            Respectfully submitted,

                                            */s/ Jennifer S. Recine*
                                            Jennifer S. Recine

cc: Counsel of Record via ECF