UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHELSEA HOTEL OWNER LLC, et al., <br><br> Plaintiffs, <br><br> -against- <br><br> CITY OF NEW YORK, <br><br> Defendant. | 1:21-cv-03982 (ALC) (RWL) <br><br> **OPINION & ORDER** |

**ANDREW L. CARTER, JR., United States District Judge:**

Currently pending before the Court are objections to three discovery orders issued by Magistrate Judge Robert W. Lehrburger. Specifically, Plaintiffs object to orders issued on January 29, 2024 (ECF No. 111, hereinafter "January Order") and July 19, 2024 (ECF No. 175, hereinafter "July Order"). *See* ECF Nos. 117, 177. Defendant objects to Judge Lehrburger's order issued on April 8, 2024 (ECF No. 149, hereinafter "April Order"). *See* ECF No. 151.

Having carefully reviewed Judge Lehrburger's orders and the parties' arguments, Magistrate Judge Lehrburger's rulings are **AFFIRMED** and the parties' objections are **OVERRULED** for the reasons set forth below.

## BACKGROUND

The Court has previously detailed the factual history of this case. *See Chelsea Hotel Owner LLC v. City of New York*, No. 21-CV-3982-ALC-RWL, 2022 WL 4625446, at *1–2 (S.D.N.Y. Sept. 30, 2022). The Court assumes the parties' familiarity with the facts and procedural history of the case and will only outline the background as relevant to the Court's analysis herein.

On May 4, 2021, Chelsea Hotel Owner LLC, Ira Drukier, Richard Born, and Sean MacPherson (collectively, "Plaintiffs") initiated this action, asserting causes of action against City

1

of New York ("City"), the New York City Department of Housing Preservation & Development ("HPD"), Martha Ann Weithman in her official capacity as Assistant Commissioner of HPD ("Weithman"), and the New York City Department of Buildings ("DOB") for violating substantive due process rights pursuant to 42 U.S.C. § 1983. *See generally* ECF No. 1 (hereinafter "Compl."). Defendant filed a motion to dismiss which the Court granted as to HPD, Weithman, and DOB, and denied in all other respects. *See Chelsea Hotel Owner LLC v. City of New York*, No. 21-CV-3982-ALC-RWL, 2022 WL 4625446 (S.D.N.Y. Sept. 30, 2022). The Court referred this matter to Judge Lehrburger for general pre-trial management on January 6, 2022. *See* ECF No. 35.

The pending objections all pertain to Plaintiffs' request to compel production of material related to fact discovery, including documents that Judge Lehrburger found to be protected by attorney-client privilege or as attorney work product. Plaintiffs filed objections to the January Order on February 12, 2024. ECF No. 117. Defendant filed its opposition on February 20, 2024. ECF No. 124. Plaintiffs filed a reply on February 27, 2024. ECF No. 128. Defendant filed an objection to Plaintiffs' reply, as the Court had not granted Plaintiffs leave to file one. ECF No. 130. Plaintiffs filed a letter opposing Defendant's objection to their reply. ECF No. 136.[1]

On April 22, 2024, Defendant filed objections to Judge Lehrburger's April Order. ECF No. 151. Plaintiffs filed an opposition brief on May 9, 2024. ECF No. 160. Lastly, on August 2, 2024, Plaintiffs objected to Judge Lehrburger's July Order. ECF No. 177. Defendant filed an opposition

---

[1] Rule 72(a) "does not require the Court to permit a party to file a reply in support of an objection." *Tiffany & Co. v. Costco Wholesale Corp.*, No. 13 CIV. 1041 LTS DCF, 2013 WL 5677020, at *2 n.2 (S.D.N.Y. Oct. 18, 2013). Courts have the discretion to consider or disregard a reply brief submitted without the Court's permission. *See Hervochon v. Iona Coll.*, No. 14-CV-6017 (CS), 2019 WL 1375359, at *1 n.1 (S.D.N.Y. Mar. 27, 2019). As the reply brief fails to prejudice Defendant and does not set forth new factual or legal arguments, the Court **OVERRULES** Defendant's procedural objection. Nonetheless, the Court notes that the reply has little impact on its analysis of the outstanding discovery objections and is not relied upon in this opinion.

brief on August 9, 2024. ECF No. 178. The Court will address the objections to each of Judge Lehrburger's orders in turn.

## STANDARD OF REVIEW

Under Fed. R. Civ. P. 72(a), "the district judge . . . must consider timely objections to the magistrate judge's decision and modify or set aside any part of the order that is clearly erroneous or contrary to law." *Tiffany & Co. v. Costco Wholesale Corp.*, No. 13-CV-1041 (LTS)(DCF), 2013 WL 5677020, at *1 (S.D.N.Y. Oct. 18, 2013). A discovery order is "clearly erroneous" when "on the entire evidence, the district court is left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 243 (2001) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)) (internal quotation marks omitted). A discovery order is "contrary to the law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Weiss v. La Suisse*, 161 F. Supp. 2d 305, 321 (S.D.N.Y. 2001) (internal quotation marks omitted).

"It is well-settled that a magistrate judge's resolution of a nondispositive matter should be afforded substantial deference and may be overturned only if found to have been an abuse of discretion." *Xie v. JPMorgan Chase Short-Term Disability Plan, et al.*, No. 15-CV-4546, 2018 WL 501605, at *1 (S.D.N.Y. Jan 19, 2018); *see also Brown v. Barnes & Noble, Inc.*, No. 16-CV-7333 (RA), 2019 WL 5188941, at *1 (S.D.N.Y. Oct. 15, 2019). A magistrate judge has broad discretion to manage discovery disputes. *See Auto. Club of New York, Inc. v. The Port Auth. of New York & New Jersey*, No. 11-CV-6746, 2015 WL 3404111, at *2 (S.D.N.Y. May 27, 2015). "Thus, the party seeking to overturn a magistrate judge's decision . . . carries a heavy burden." *Anwar v. Fairfield Greenwich Ltd.*, 982 F.Supp.2d 260, 263 (S.D.N.Y. 2013) (internal quotation marks and alterations omitted).

## DISCUSSION

I. **Plaintiffs' Objections to the January Order**

A. <u>Background</u>

On December 7, 2023, Plaintiffs filed a letter requesting leave to file a motion to compel discovery following Defendant's third privilege log. ECF No. 92. Plaintiffs raised multiple concerns with the log, including the Defendant's changing privilege descriptions. *Id.* Defendant filed a response opposing the potential motion to compel and contending that it had complied with the discovery orders in place. ECF No. 95. Judge Lehrburger issued an order on December 13, 2023, finding that the "circumstances warrant in camera review" of the documents which Defendant asserted were privileged. ECF No. 97 at 2.

Following his in camera review of twenty-five of the documents, Magistrate Judge Lehrburger issued an order ruling on each document and the pertinent issues raised by the parties. *See generally* January Order. Relevant to Plaintiffs' objection, Judge Lehrburger ruled that: (1) Defendant had satisfied its evidentiary burden regarding the documents submitted for in camera review; (2) the common legal interest doctrine extended to "communications between DOB and HPD that otherwise qualify as privileged;" (3) attorney-client privilege extended to non-legal communications, where the communications involved legal advice; (4) Plaintiffs failed to show substantial need for Defendant's attorney work product; and (5) Defendant's changing privilege assertions were concerning, but did not waive Defendant's protection. *See* January Order at 2–5.

B. <u>Analysis</u>

Plaintiffs object to Judge Lehrburger's January Order on five bases, arguing that (1) Defendant failed to meet its burden of establishing its privilege claims with evidentiary support; (2) the common interest doctrine does not apply to documents lacking an underlying privilege; (3)

Defendant had waived its privilege claims; (4) attorney-client privilege cannot apply to non-legal matters; and (5) Plaintiffs had demonstrated a substantial need for the Defendant's attorney work product. ECF No. 117 at 10. The Court will address each individually.

> i. *Burden to Establish Privilege*

Plaintiffs argue that the Defendant's privilege log lacked the requisite detail to establish privilege; according to Plaintiffs, this lack of detail also failed to justify Magistrate Judge Lehrburger's in camera review. *See* ECF No. 117 at 11, 13–14. Defendant argues that Judge Lehrburger properly ordered in camera review of the documents and that this review satisfied the Defendant's evidentiary burden. *See* ECF No. 124 at 8.

Although Plaintiffs are correct that "courts generally look to a showing based on affidavits or equivalent statements" as the factual basis for claims of privilege, "'[t]his approach need not invariably be taken, . . . particularly in cases involving large quantities of disputed documents.'" *Bowne of New York City, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 473 (S.D.N.Y. 1993) (quoting *Golden Trade, S.r.L. v. Lee Apparel Co.*, No. 90 CIV. 6291 (JMC), 1992 WL 367070, at *5 (S.D.N.Y. Nov. 20, 1992)). In these cases, "the court has broad discretion as to how to proceed." *Id.* (internal citation omitted); *see also In re New York City Policing During Summer 2020 Demonstrations*, 656 F. Supp. 3d 486, 492 (S.D.N.Y. 2023) ("[A] court has discretion to perform [in camera] review where evidence in the record is insufficient to make a determination regarding privilege." (internal citation omitted)). Judge Lehrburger's decision to permit in camera review of a selection of the documents in dispute was not contrary to law given the broad discretion provided to courts handling complex discovery matters. Likewise, Judge Lehrburger's finding that Defendant had satisfied its burden to establish privilege, following in camera review, was not clear error.

> ii.  *Common Legal Interest Doctrine*

Plaintiffs argue that Magistrate Judge Lehrburger committed clear error when he applied the common legal interest doctrine to documents over which the Defendant failed to establish an independent basis for privilege. *See* ECF No. 117 at 16–17. Critically, Judge Lehrburger held that the common legal interest doctrine only applied to documents that otherwise qualified as privileged. *See* January Order at 2, 7–10 (permitting redactions of seven documents based on both attorney-client privilege and common legal interest). So, Plaintiffs' objection does not stem from the court's application of the doctrine, but rather, Judge Lehrburger's finding that the documents were protected by an independent privilege. In other words, Plaintiffs argue that Defendant failed to meet its burden to establish an independent privilege over the documents to which Judge Lehrburger applied the common legal interest doctrine. *See* ECF No. 117 at 16–17.

This argument is largely identical to the Plaintiffs' first: that the Defendant failed to meet its evidentiary burden to assert attorney-client privilege. Once again, the Court finds that Judge Lehrburger did not commit clear error when, based on his in camera review, he found the disputed communications to be protected by attorney-client privilege. Accordingly, Magistrate Judge Lehrburger's application of the common legal interest doctrine was not contrary to the law.

> iii.  *Waiver by Changing Privilege Assertions*

Plaintiffs argue that Defendant waived any protection by attorney-client privilege when the Defendant's third privilege log added new privilege claims and removed others. ECF No. 117 at 18–19. "Neither the Federal Rules of Civil Procedure nor the Local Civil Rules permit any party to make its assertions of privilege a moving target." *Sec. & Exch. Comm'n v. Yorkville Advisors, LLC*, 300 F.R.D. 152, 166 (S.D.N.Y. 2014). "Parties should not be permitted to re-engineer privilege logs to align their privilege assertions with their legal arguments." *In re Honeywell Int'l*

6

*Income Sec. Litig.*, 230 F.R.D. 293, 299–300 (S.D.N.Y. 2003). Judge Lehrburger cited this authority and agreed that the Defendant's practices were "frowned upon, whether strategic or a result of inadequate legal work." January Order at 4. Nevertheless, based on his in camera review, Judge Lehrburger found no "basis to strike the City's belated assertions of privilege or protection merely based on the timing of their assertion." *Id.* at 5.

The Defendant's untimely privilege assertions do not automatically render them waived. "A party's failure to notify other parties that it is withholding documents because of an assertion of a privilege or work product protection 'may be viewed as a waiver of the privilege or protection.'" *Honeywell*, 230 F.R.D. at 299 (quoting Amendments to Fed. R. Civ. P. 26.2(b)(5)). Therefore, it was within Judge Lehrburger's discretion to find Defendant had waived its privilege claims or to allow the privilege claims to move forward. Magistrate Judge Lehrburger did not commit clear error in doing the latter.

### iv.   *Non-Legal Matters*

Plaintiffs argue that Judge Lehrburger "committed clear error in generally extending the attorney-client privilege to advice rendered by attorneys concerning how Defendant should respond to press inquiries." ECF No. 117 at 21. Plaintiffs' argument misstates Judge Lehrburger's order. In fact, Magistrate Judge Lehrburger specifically held that communications about policy-making and press strategy are privileged "only if, and to the extent, the communication contains legal advice provided by (or requested of) one of the Department's counsel." January Order at 2. This ruling was not clearly erroneous. The Second Circuit has held that such legal advice can be conveyed through communications about non-legal matters, when the communications were made with "the predominant purpose of soliciting or rendering legal advice." *In re Cnty. of Erie*, 473 F.3d 413, 422 (2d Cir. 2007). Plaintiffs contend *Erie* is inapplicable because the opinion only

7

related to policy-making decisions and not media inquiries. ECF No. 117 at 22. But Plaintiffs cite no authority for why *Erie* would apply to communications about policy decisions and not press inquiries that predominantly involve legal advice.

Judge Lehrburger determined, after reviewing the disputed documents in camera, that some of the Defendant's communications about policy-making and the press decisions predominantly involved legal advice and were privileged. January Order at 7–8. Plaintiffs argue that Defendant failed to provide facts regarding the presence of legal advice in the disputed communications. ECF No. 117 at 21. This is again an argument about the Defendant's factual substantiation of its privilege assertions. This Court has already determined that Magistrate Judge Lehrburger did not commit clear error in reviewing the documents in camera and deciding that Defendant had fulfilled its evidentiary obligation. *See supra* Section I.B.i.

> v. *Substantial Need for Attorney Work Product*

Magistrate Judge Lehrburger concluded that Plaintiffs failed to demonstrate the substantial need required to overcome work product privilege. January Order at 3. Under Rule 26(b)(3), the protection from discovery provided by the work product rule is conditional, the protection may be set aside if the discovering party demonstrates a substantial need for the information. *See, e.g.*, *Golden Trade, S.R.L. v. Jordache*, 143 F.R.D. 508, 510 (S.D.N.Y. 1992). Substantial need exists if the documents at issue are "crucial to the determination of whether the defendant could be held liable for the acts alleged, or carr[y] great probative value on contested issues." *Gucci Am., Inc. v. Guess?, Inc.*, 271 F.R.D. 58, 74–75 (S.D.N.Y. 2010) (internal quotation omitted). The discovering party must show that it "has substantial need of the materials in the preparation of its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3). "Even when a showing of substantial need has been made, the court must protect

against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." *Monterey Bay Mil. Hous., LLC v. Ambac Assurance Corp.*, No. 19CIV9193 PGG SLC, 2023 WL 315072, at *11 (S.D.N.Y. Jan. 19, 2023) (internal quotation omitted).

Judge Lehrburger found that five documents contained attorney work product. *See* January Order. Plaintiffs argue that they have demonstrated substantial need as to three documents, which contain facts pertaining to Defendant's knowledge or investigation of the Chelsea Hotel's status. *See* ECF No. 117 at 24. Plaintiffs argue they have also shown undue hardship, given that the Defendant's witnesses failed to recall "highly probative facts" during depositions. *Id.*

The Court notes that in the April Order, to which the Defendant objects, Judge Lehrburger seems to have re-visited this issue. *See* April Order. In fact, in a conference held prior to the April Order, Judge Lehrburger ruled that Plaintiffs had demonstrated substantial need for information limited to Defendant's knowledge or investigation of the Chelsea Hotel's status. *See* ECF No. 151-1 at 22–24 ("I'm finding . . . that there's a substantial need for the work product."). In the April Order, Judge Lehrburger articulated that Plaintiffs had demonstrated substantial need for work product pertaining to "(1) what the City knew about the SROMD status of the Hotel and when the City acquired that knowledge, and (2) what, if any, inquiry, review, or investigation the City conducted of the SROMD status of the Hotel." April Order.

Although the conference transcript and April Order do not address this fifth basis for Plaintiffs' objection to the January Order, the April Order seems to apply to the same information covered by this objection. Given that Judge Lehrburger found Plaintiffs had demonstrated substantial need for attorney work product pertaining to this information in April, the Court finds that the Plaintiffs' objection on the basis of substantial need is moot.

9

Accordingly, the Court **AFFIRMS** the January Order and Plaintiffs' objections are overruled.

## II. Defendant's Objections to the April Order

### A. Background

In another portion of the January Order, to which Plaintiffs do not object, Magistrate Judge Lehrburger considered whether Defendant had waived its right to privilege by using it both as a shield and a sword, and concluded that the parties should meet and confer to discuss the issue. *See* January Order at 4. On March 21, 2024, Plaintiffs filed a letter motion arguing that Defendant had waived its right to privilege over this information by putting the reasonableness of its investigations into the Hotel's status at issue. *See* ECF No. 145 at 1. Defendant responded opposing the letter motion and argued that Plaintiffs had abandoned their right to make their waiver argument when they failed to raise the issue in their objections to the January Order. *See* ECF No. 146 at 2. Additionally Defendant argued that its contention that it acted reasonably was only in response to Plaintiffs' allegations that Defendant's "actions were arbitrary and irrational." *Id.* (internal quotation marks omitted). Last, Defendant argued that Plaintiffs assert "a sweeping waiver over privilege" that it would entitle them to "all documents that the City has withheld or redacted on privilege grounds." *Id.* at 3.

In response to these submissions, Magistrate Judge Lehrburger scheduled a discovery conference for April 8. *See* ECF No. 147. Following that conference, Judge Lehrburger issued the April Order, ruling that Defendant "shall produce to Plaintiff all documents regarding, for any time between July 2018 and January 2021, (1) what the City knew about the [status] of the Hotel and when the City acquired that knowledge, and (2) what, if any, inquiry, review, or investigation the City conducted of the [status] of the Hotel, regardless of whether the document is a privileged

10

communication or attorney work product. . . . City is not required to produce information reflecting litigation strategy." April Order.

B. <u>Analysis</u>

"[A]ttorney-client privilege cannot at once be used as a shield and a sword." *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991). "[T]he privilege may implicitly be waived when defendant asserts a claim that in fairness requires examination of protected communications." *Id.* "[T]he privilege holder need not attempt to make use of a privileged communication to implicate waiver – the proponent 'may waive the privilege if he makes factual assertions the truth of which can only be assessed by examination of the privileged communication.'" *Sec. & Exch. Comm'n v. Honig*, No. 18 CIV. 8175 (ER), 2021 WL 5630804, at *11 (S.D.N.Y. Nov. 30, 2021) (quoting *In re Kidder Peabody Sec. Litig.*, 168 F.R.D. 459, 470 (S.D.N.Y. 1996)). The principle underlying this rule for waiver is that it would be unfair for a party asserting its good faith to "to then rely on its privileges to deprive its adversary of access to material that might disprove or undermine the party's contentions." *Id.*

In its objections, Defendant argues that the waiver ruling was overly broad. *See* ECF No. 151 at 6. Upon a review of the transcript of the April 8 discovery conference, the Court finds that Magistrate Judge Lehrburger's order was tailored to communications that pertain to reasonableness, an issue Defendant put forward in its defense. At the discovery conference, Judge Lehrburger found that "the City contends, in several places, that it acted reasonably, including, by, one, conducting the 2018 review of the status following an inquiry from the tenant. And two, discussing the matter with HPD." ECF No. 151-1 at 21:12–16 (hereinafter "Tr."). On the basis that Defendant elected to put the issue of its reasonableness forward, Judge Lehrburger ordered

Defendant to produce information about its knowledge of the Hotel's status and any investigation or review conducted about its status between July 2018 and January 2021. Tr. at 22:20–23.

Defendant's arguments about which exact issues relating to its investigation should be included under the waiver are misplaced. ECF No. 151 at 8 (arguing the waiver should not include whether the Hotel qualified under the "use exemption"). Although any waiver of attorney-client privilege "should be formulated with caution," Judge Lehrburger did not commit clear error in finding that the Defendant has put the reasonableness of its investigation at issue. Further, there is no clear error in his decision that Defendant's reasonableness includes investigations into whether the Hotel qualified for any exemption. *See In re Cnty. of Erie*, 546 F.3d at 228.

Defendant additionally argues that the April Order is overly broad because it could include any communications in the Defendant's possession between July 2018 and January 2021, not just those that Defendant considered or reviewed. ECF No. 151 at 9. Although the word "knew" in the April Order could be interpreted more broadly, it is clear that Magistrate Judge Lehrburger clarified that it was limited to communications which "turned up" during the relevant time period, rather than all in the Defendant's possession at the time. *See* Tr. at 34:13–14 ("what seems to be important is what was turned up in 2018"); *id.* at 34:17–18 ("I'm not requiring a wholesale going back and looking at 2008 to 2010.").

Defendant is incorrect in arguing that Magistrate Judge Lehrburger committed clear error by failing to limit the production to factual information "relied upon" during the relevant timeframe. *See* ECF No. 151 at 10. Magistrate Judge Lehrburger did not commit clear error by expanding the Defendant's obligation past solely what it relied upon. As stated above, Defendant need not have used the privileged communications, or relied upon them. The fact that Defendant

has asserted the reasonableness of its actions is sufficient to provide Plaintiffs with the privileged documents. *See In re Kidder*, 168 F.R.D. at 470.

Last, the Court notes that Defendant does not object to Magistrate Judge Lehrburger's finding that Plaintiffs have a substantial need to access communications privileged as attorney work product under the April Order. *See generally* ECF No. 151. Therefore, the Court will not review this.

Accordingly, the Court **AFFIRMS** the April Order and Defendant's objections are overruled.

### III.  Plaintiffs' Objections to the July Order

A. Background

Following the April Order and Defendant's objection to it, Magistrate Judge Lehrburger issued an order directing Defendant to "produce all communications or documents falling within the portions of the [April] order to which it did not object." ECF No. 159 (hereinafter "Production Order"). On July 9, 2024, Plaintiffs filed a letter which raised "outstanding deficiencies" in the Defendant's production in accordance with the Production Order. *See* ECF No. 173. Specifically, Plaintiffs argued that Defendant had failed to produce unredacted communications falling under the April Order and communications from 2008-2010 concerning the status of the Chelsea Hotel. *See id.* Defendant responded to this letter on July 12, 2024, arguing that it had not violated the Production Order, that Plaintiffs' arguments regarding 2008-2010 communications were untimely and that the search for those communications would be unduly burdensome. *See* ECF No. 174.

On July 19, 2024, Magistrate Judge Lehrburger addressed the Plaintiffs' concerns and found that, (1) for the reasons stated by the Defendant, the Plaintiffs were not entitled to the 2008-

2010 communications, and (2) Defendant was not in violation of the Production Order given its unresolved objection before this Court. *See* July Order at 1.

B. <u>Analysis</u>

Plaintiffs filed objections to the July Order on August 2, 2024. *See* ECF No. 177. Plaintiffs argue that both rulings in the July Order were contrary to law. *See id.* at 6. Defendant filed its response on August 9, 2024, arguing that it had not violated the Production Order and that the Plaintiffs' request for 2008-2010 communications was untimely and burdensome. *See* ECF No. 178. The Court will first address Plaintiffs' objections regarding the Production Order and then those pertaining to 2008-2010 communications.

    i.    *Violation of the Production Order*

First, Plaintiffs are incorrect that Defendant only raised one basis for its objection to the April Order. *See* ECF No. 177 at 14–15 ("The sole articulated basis of Defendant's overbreadth argument is its resistance to producing documents concerning the so-called 'Use Exemption' to the statutory definition of SROMD."). As discussed *supra*, Defendant generally objected that the April Order was overly broad but for two primary reasons: that it should not have to produce privileged communications that did not relate to the "luxury exemption" and that it should not have to produce communications from prior to 2018 that it did not rely on during its investigations into the status of the Chelsea Hotel. *See supra* Section II. Therefore, the Court finds that privileged materials relevant to the Plaintiffs' objections fall under the Defendant's objections to the April Order. And, given that the Production Order excluded material that fell under the Defendant's pending objection, the Court concludes that Defendant has not violated the Production Order. Magistrate Judge Lehrburger committed no clear error by ruling it premature to determine any violation of the Production Order, given that the Plaintiff's arguments related to information in the

Defendant's objection to the April Order and therefore outside the purview of the Production Order.

> ii.    2008-2010 Communications

In denying the Plaintiffs' request for production of the 2008-2010 communications regarding the status of the Chelsea Hotel, Magistrate Judge Lehrburger referenced Defendant's arguments as his principal reasoning. *See* July Order. One such argument from Defendant was that Plaintiffs' request was untimely.

"A district court has wide latitude to determine the scope of discovery." *In re Agent Orange Prod. Liability Litig.*, 517 F.3d 76, 103 (2d Cir. 2008). "Under Rule 16(b), district courts are required to enter scheduling orders 'that limit the parties' time to complete discovery.'" *Gucci Am., Inc. v. Guess?, Inc.*, 790 F. Supp. 2d 136, 139 (S.D.N.Y. 2011) (quoting *McKay v. Triborough Bridge & Tunnel Auth.*, No. 05-CV-8936 (RJS), 2007 WL 3275918, at *1 (S.D.N.Y. Nov. 5, 2007)). "Reopening discovery after the discovery period has closed requires a showing of good cause." *Id.* (citing *Gray v. Town of Darien*, 927 F.2d 69, 74 (2d Cir. 1991)). "Where a party is aware of the existence of documents or other information before the close of discovery and propounds requests after the deadline has passed, those requests should be denied." *Id.* at 140.

Fact discovery closed in this matter on February 28, 2024. *See* ECF No. 116; *see also* ECF No. 141 at 83:22–24 ("THE COURT: You say we're in fact discovery. What's the deadline? MS. RECINE: It's over."). Plaintiffs raised their request for 2008-2010 communications with Magistrate Judge Lehrburger at the conference closing fact discovery on February 28, 2024, and he ordered Defendant to produce a subset of those communications. *See* ECF No. 141 at 27:1–5. He added: "Whether there will be any further search for any other time frame is a separate issue

that's not before me." ECF No. 141 at 28:6–8. Plaintiffs do not indicate that they objected to this ruling. *See generally* ECF No. 177.

In advance of the April 8 discovery conference, Plaintiffs again raised their request for the Defendant to "produc[e] relevant 2008-2010 communications." ECF No. 145 at 3. At that conference, Judge Lehrburger stated that he was "not requiring a wholesale going back and looking at 2008 to 2010," only production of communications which "turned up" during the City's investigation. Tr. at 34:17–18; *see also id.* at 34:10–15; *supra* Section II.B. Plaintiffs raised no objections at the time, or to the following order. *See generally* Tr.

Under Rule 72(a), a party may object to a non-dispositive matter decided by a magistrate judge "within 14 days after being served with a copy," but "may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a). Since Plaintiffs made no objection in April, Plaintiffs waived their right to object to Magistrate Judge Lehrburger's decision on that 2008-2010 communications at the April 8 discovery conference.

Plaintiffs cite authority that suggests courts may grant parties' leave to re-open discovery and file untimely motions to compel. *See* ECF No. 177 at 14 (citing *Siemens Indus., Inc. v. Great Midwest Ins. Co.*, 2024 WL 3305602, at *3 (S.D.N.Y. June 4, 2024) (granting motion to compel after discovery period ended)). Such leave would have permitted Plaintiffs to proceed with their motion to compel the 2008-2010 email communications in July, despite the close of fact discovery in February and the Magistrate Judge's ruling on this issue in April. While courts may have the discretion to re-open discovery and grant such extensions, it is incorrect to say that Magistrate Judge Lehrburger's refusal to do so was contrary to the law. The Court finds that Magistrate Judge Lehrburger did not commit clear error in finding that Plaintiffs' motion was untimely. The Court need not address the other rationales raised by Defendant.

Accordingly, the Court **AFFIRMS** the July Order and Plaintiffs' objections are overruled.

## CONCLUSION

For the reasons stated above, Judge Lehrburger's orders docketed at ECF Nos. 111, 149, and 175 are **AFFIRMED** and all objections are **OVERRULED**. The Clerk of Court is respectfully directed to terminate the pending motions at ECF Nos. 161 and 184 as moot.

**SO ORDERED.**

**Dated:** **March 21, 2025**
**New York, New York**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**