UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHELSEA HOTEL OWNER LLC, IRA DRUKIER, RICHARD BORN, and SEAN MACPHERSON,<br><br>                      Plaintiffs,<br>   v.<br><br>CITY OF NEW YORK, NEW YORK DEPARTMENT OF HOUSING PRESERVATION & DEVELOPMENT, MARTHA ANN WEITHMAN, in her official capacity as Assistant Commissioner of the New York City Department of Housing Preservation & Development, and NEW YORK CITY DEPARTMENT OF BUILDINGS,<br><br>                      Defendants. | Case No. 21-cv-3982 (ALC) (RWL) |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR
<u>RECONSIDERATION OF THE COURT'S MARCH 21, 2025 ORDER</u>**

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................... 1

BACKGROUND ............................................................................................................................ 2

LEGAL STANDARD .................................................................................................................... 3

ARGUMENT .................................................................................................................................. 3

    I.    The Court Overlooked Material Facts Demonstrating the Timeliness of Plaintiffs' Request for 2008-2010 Documents ................................................................................... 3

    II.   The Court Overlooked Material Facts and Controlling Authority Regarding Plaintiffs' Entitlement to the 2008-2010 Documents ..................................................................... 6

CONCLUSION ............................................................................................................................... 9

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Abu Dhabi Commer. Bank v. Morgan Stanley & Co.*,
 2011 WL 5244689 (S.D.N.Y. Oct. 24, 2011) ..................................................................6

*Anwar v. Fairfield Greenwich Ltd.*,
 745 F. Supp. 2d 379 (S.D.N.Y. 2010) ............................................................................3

*Dove v. Atlantic Capital Corp.*,
 963 F.2d 15 (2d Cir. 1992) .............................................................................................6

*Schoolcraft v. City of New York*,
 298 F.R.D. 134 (S.D.N.Y. 2014) ....................................................................................3

*Twine v. Powers*,
 2012 WL 3834082 (S.D.N.Y. Aug. 27, 2012) ................................................................6

*Usov v. Marc Lazar, Inc.*,
 2017 WL 5495357 (S.D.N.Y. Nov. 15, 2017), *aff'd*, 756 F. App'x 32 (2d Cir.
 2018) ...............................................................................................................................6

**Other Authorities**

Fed. R. Civ. P. 26(b)(2)(B) .....................................................................................................6

Fed. R. Civ. P. 59 ...................................................................................................................3

Local Rule 6.3 ........................................................................................................................3

Plaintiffs Chelsea Hotel Owner LLC, Ira Drukier, Richard Born, and Sean MacPherson (together, "Plaintiffs") respectfully submit this memorandum of law in support of their motion to reconsider portions of the Court's March 21, 2025 Order (ECF No. 187, the "Order") to the extent that it overruled Plaintiffs' Objections to Magistrate Judge's July 19, 2024 Order ("July Order") Pursuant to Federal Rule of Civil Procedure 72 ("Objections") denying Plaintiff's letter motion to compel Defendant the City of New York ("Defendant" or "City") to produce relevant documents from 2008-2010 (the "Motion").[1]

## PRELIMINARY STATEMENT

This Motion is brought to respectfully request that the Court reconsider its Order, which overlooked material facts and legal authority in affirming the July Order, thereby improperly rewarding Defendant for its pattern of obstructionist tactics and selective production. After lodging a non-specific, boilerplate objection that conducting a targeted search for documents on a single issue—the Hotel's SRO status—for a three-year period and belonging to a handful of custodians would be unduly burdensome, Defendant turned around to selectively produce documents from the same timeframe to bolster its defenses in this action. The controlling law, however, requires that to be relieved of its obligation to produce discoverable material, Defendant was required to (but did not) articulate with specificity *how* providing the requested discovery would be so burdensome as to be unwarranted in this litigation, where Plaintiffs' damages are estimated at approximately $100 million. Even if Defendant had made this required showing, its objection was negated by its decision to conduct highly specific and self-serving searches of similar material.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning set forth in the Objections. *See* ECF No. 177. All emphasis is supplied unless otherwise stated.

The portion of the Order affirming the July Order's denial of Plaintiff's motion to compel production of the 2008-2010 documents should be reconsidered for two reasons. *First*, the Order overlooked that Plaintiffs repeatedly preserved their objections to Defendant's refusal to produce the 2008-2010 documents and timely objected to the July Order denying Plaintiffs' motion to compel. *Second*, the Order upheld Defendant's conclusory undue burden objection without addressing controlling authority that requires Defendant to have supported that objection with specific facts explaining how it could easily produce some documents from 2008-2010 but not engage in a reasonably tailored search for the documents requested by Plaintiffs.

## BACKGROUND

Plaintiffs first requested that Defendant search for and produce relevant documents from 2008-2010 during the regular course of discovery. *See* ECF No. 177 at 12-13 (citing ECF No. 173-9, Feb. 27, 2024 Hr'g Tr. 12:1-21 and 12:22-13:16). In response, Defendant lodged a conclusory and boilerplate objection that conducting a review for and producing such documents would be unduly burdensome. *Id.* Magistrate Judge Lehrburger instructed Plaintiffs to first attempt to obtain the requested information through other, less burdensome means, deferring the issue of Defendant undertaking a document review and production. *Id.*

Then, during fact depositions, Defendant selectively produced documents from 2008-2010. *See* ECF No. 173 at 2-3. For example, days before the deposition of HPD Assistant Commissioner Martha Ann Weithman, Defendant produced a partially redacted 2020 email chain which includes an excerpt of a 2009 email that (unsurprisingly) Defendant contends is favorable to its arguments. *See* ECF No. 177 at 8-9, 12-13. Defendant also produced documents showing that, in 2010, Defendant received a copy of the Hotel's 1997 luxury exemption establishing that the Hotel was exempt from the SROMD requirements, for a second time. *Id.* at 1, 9-10.

2

When Plaintiffs raised this issue with Magistrate Judge Lehrburger, they were told that relief was premature, not unavailable. *Id.* at 7 n.3 (citing ECF No. 174-1, Feb. 27, 2024 Hr'g Tr. at 27:14-28:8). Then, after attempting to resolve the dispute with Defendant to no avail, Plaintiffs' letter motion to compel production of the 2008-2010 documents was denied, without any express reasoning, by Magistrate Judge Lehrburger on July 19, 2024. ECF No. 175; *see also* ECF No. 177 at 7 (collecting correspondence from March 2024 to June 2024 between counsel regarding the 2008-2010 documents). This Court then overruled Plaintiffs' objections to Magistrate Judge Lehrburger's order, affirming the implicit conclusion that Plaintiffs' request was untimely and declining to address Plaintiffs' other, substantive objections. ECF No. 187.

**LEGAL STANDARD**

A motion to reconsider under Fed. R. Civ. P. 59 and Local Rule 6.3 is granted where the moving party demonstrates the "need to correct a clear error or prevent manifest injustice." *Schoolcraft v. City of New York*, 298 F.R.D. 134, 136 (S.D.N.Y. 2014). This burden is satisfied by establishing that the Court "overlooked" material facts or controlling law that influenced the Court's decision. *Id.*; *see also Anwar v. Fairfield Greenwich Ltd.*, 745 F. Supp. 2d 379, 382 (S.D.N.Y. 2010) (reconsideration proper where movant identifies "controlling law or factual matters" that were overlooked which "might reasonably be expected to alter the conclusion reached by the court").

**ARGUMENT**

**I.   The Court Overlooked Material Facts Demonstrating the Timeliness of Plaintiffs' Request for 2008-2010 Documents**

The sole basis set forth in the Order for overruling Plaintiffs' Objections to the July Order was that Plaintiffs' request for the 2008-2010 documents was untimely. *See* ECF No. 187 at 15-17. Although the Court found that "Magistrate Judge Lehrburger did not commit clear error in

3

finding that Plaintiffs' motion was untimely," Magistrate Judge Lehrburger did not make an affirmative ruling regarding the timeliness of Plaintiffs' request. Rather, the July Order stated (without elaboration) that Plaintiffs' request was denied "for principally the reasons set forth by Defendant," which argued, among other things, that the request was untimely. ECF Nos. 174-75. Accordingly, the Order purportedly affirmed a ruling that Magistrate Judge Lehrburger did not expressly make in the July Order.

Both the Order and the July Order overlooked key facts raised in Plaintiffs' Objections demonstrating that Plaintiffs' request was timely. *First*, as noted in Plaintiffs' Objections—yet not addressed in the Order—documents from 2008-2010 were within the scope of Plaintiffs' discovery requests; this was the reason that Defendant attempted to satisfy Plaintiffs' request for discovery through interrogatory responses instead of searching for and producing responsive documents. *See* ECF No. 177 at 13 ("MS. RECINE: So the City came in and said, we don't think that there's anything relevant here before 2018. They said, this is too burdensome. We're a city. This is hard for us. It's taking us a long time to do discovery. We can answer these questions in interrogatories. Let's try that first. And so Your Honor's position was, yes, why don't we try that first. So that's where we started. As a result, we got the productions we got."). When this failed to provide Plaintiffs with the relevant and discoverable information they are entitled to, Plaintiffs raised the issue of Defendant's failure to produce the 2008-2010 documents once more at the close of discovery.

*Second*, Plaintiffs did "object" to Defendant's discovery misconduct in February 2024 and April 2024, but Magistrate Judge Lehrburger continued to defer ruling on the issue until the July Order. At the February 27, 2024 discovery conference, Magistrate Judge Lehrburger did not rule on Plaintiffs' request for 2008-2010 documents, stating that it should be taken up at a later time:

4

"Whether there will be any further search for any other time frame is a separate issue that's not before me." *See* ECF No. 177 at 7 n.3 (quoting ECF No. 174-1, Feb. 27, 2024 Hr'g Tr. at 27:14–28:8). The issue, therefore, remained open, and the parties continued to meet and confer. *See* ECF No. 177 at 7 (collecting correspondence between counsel regarding the 2008-2010 documents).

Again, when Plaintiffs raised the 2008-2010 documents before the April 8, 2024 discovery conference, *see* ECF No. 145 at 3, the April Order did not rule on whether the City had to conduct a separate search. Instead, Magistrate Judge Lehrburger ruled only that Defendant must produce documents regarding "(1) what the City knew about the SROMD status of the Hotel and when the City acquired that knowledge, and (2) what, if any, inquiry, review, or investigation the City conducted of the SROMD status of the Hotel," regardless of whether the document was privileged. ECF No. 149. Thus, Plaintiffs' original objection to Defendant's position was preserved for months while Magistrate Judge Lehrburger attempted to sort through numerous discovery disputes.[2] It was not until Plaintiffs' July 9, 2024 letter motion requesting a conference to address the 2008-2010 documents dispute that the Court finally addressed the issue head-on. ECF No. 173. Thereafter, Plaintiffs timely objected to the July Order denying Plaintiffs' request. ECF No. 177.

---

[2] While Magistrate Judge Lehrburger stated during the April 8, 2024 conference that he was "not requiring a wholesale going back and looking at 2008 to 2010," *see* ECF No. 187 at 16, not only was the April 8, 2024 Order silent as to Plaintiffs' request for these documents, but the Magistrate Judge's expansive language does not respond to Plaintiffs' narrower request for a targeted search of documents for certain DOB employees from that time period. *See* ECF No. 177 at 13. Therefore, the April 8, 2024 conference still did not resolve Plaintiffs' specific, targeted request for 2008-2010 documents.

## II. The Court Overlooked Material Facts and Controlling Authority Regarding Plaintiffs' Entitlement to the 2008-2010 Documents

Additionally, the Court overlooked material facts and legal authority establishing that Defendant has failed to make the necessary showing to avoid undertaking a targeted review and search for the 2008-2010 documents. *See* ECF No. 187 at 16 ("The Court need not address the other rationales [other than timeliness] raised by Defendant."); *Usov v. Marc Lazar, Inc.*, 2017 WL 5495357, at *1 (S.D.N.Y. Nov. 15, 2017) (factual material that was "not expressly discussed . . . can be deemed to have been overlooked"), *aff'd*, 756 F. App'x 32 (2d Cir. 2018). Lost in the deluge of motion practice regarding Defendant's many discovery deficiencies is the plain fact that Defendant's sole objection to producing documents from 2008-2010 concerning the Hotel's SROMD status was an unsubstantiated claim of "undue burden," which is facially insufficient under the law, while attempting to selectively disclose documents from the very same document set. The law does not permit Defendant's tactics.

As Plaintiffs explained in their Objections, but not considered in the Order, Federal Rule 26(b)(2)(B) places the burden on the party resisting discovery to establish, with specificity, that the discovery sought "is not reasonably accessible because of undue burden or cost." *See* ECF No. 177 at 11 (citing *Dove v. Atlantic Capital Corp.*, 963 F.2d 15, 19 (2d Cir. 1992) ("Where… the [discovery is] relevant, the burden is upon the party seeking non-disclosure or a protective order to show good cause.") and *Abu Dhabi Commer. Bank v. Morgan Stanley & Co.*, 2011 WL 5244689, at *1 (S.D.N.Y. Oct. 24, 2011) ("Where a party objects to a discovery request, the objecting party bears the burden of demonstrating *specifically* how, despite the broad and liberal construction afforded the federal discovery rules, each request is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.") (cleaned up)); *see also Twine v. Powers*, 2012 WL 3834082, at *3-*4

6

(S.D.N.Y. Aug. 27, 2012) (granting motion for reconsideration where court "overlooked controlling law" in Federal Rules of Appellate Procedure). The most that Defendant has mustered in support of its undue burden claim is that it has "reallocated resources to other matters" and that undertaking a review and production would require "time and expense." ECF No. 178 at 13. Of course, a party cannot avoid its discovery obligations simply because it would entail considerations of resource allocation and would require the expenditure of some unspecified amount of time and money.[3] At no point has the Court addressed Defendant's blatant failure to meet this simple, unambiguous requirement. *See* ECF No. 177 at 11-12 (collecting Southern District cases rejecting boilerplate or conclusory objections of undue burden).

The Court also overlooked that documents from 2008-2010, which are still readily available to Defendant, are plainly relevant and go to the heart of Plaintiffs' claims, regardless of whether the documents were "relied on" by relevant decisionmakers in 2018 or later. As Magistrate Judge Lehrburger previously stated, the central issue in this case is "what did [Defendant] know and when did [Defendant] know it, basically." *See id.* at 10. Indeed, Defendant's readiness to overlook (or willfully ignore) documents that were within its possession regarding the Hotel Chelsea's SROMD status led to Defendant's improper reclassification of the Hotel Chelsea in the first place, which delayed construction for two years and cost Plaintiffs over $100 million. *See id.* at 9-10. Thus, beyond simply coasting on an improper boilerplate objection, Defendant *cannot* take such a position in this litigation when the discovery record itself proves that DOB's own employees were able to locate a 2009 email with apparent ease in 2020, on which

---

[3] Moreover, Defendant's burden objection is particularly absurd here because the objecting party is the government and would be obligated to produce documents about the status of the hotel in response to a public records request by a private citizen.

Defendant now seeks to rely. *See id.* at 8-12. This Court should not permit Defendant to rely on the same playbook in an effort to avoid accountability for its misconduct.

Further, Defendant's selective disclosure of documents from in or around the requested time period, which the Order did not address, vitiates Defendant's claim of undue burden, along with any remaining relevance objection. *See id.* at 7-10 (addressing Defendant's relevance arguments).[4] Defendant has produced standalone documents from 2008, 2011, and 2015, *plus* a 2020 email embedding a purportedly favorable excerpt of a 2009 email, undeniably establishing that documents from this time period are readily accessible to Defendant. ECF No. 173 at 3, ECF No. 177 at 8-9. Defendant cannot, on the one hand, claim that the documents Plaintiffs seek would be unduly burdensome to produce while, on the other hand, voluntarily undertaking most of that burden to produce only self-serving documents from that same universe. Plaintiffs simply ask that discovery be handled fairly—because Defendant chose to undertake a one-sided, selective search, it cannot hide behind specious objections of undue burden and lack of relevance, and therefore Defendant must produce the requested documents from 2008-2010.[5]

---

[4] As explained in Plaintiffs' Objections, Defendant waived any argument that the 2008-2010 documents lack relevance by failing to assert the objection until its July 2024 response to Plaintiffs' letter motion to compel. *See* ECF No. 177 at 7. Regardless, documents from this time period are plainly relevant to Plaintiffs' claims that Defendant unreasonably redesignated the Hotel Chelsea even though Defendant had within its possession all of the information it needed to know that the Hotel Chelsea was not an SROMD. *Id.* at 10. Indeed, another fact overlooked by the Court bearing on the relevance of the requested 2008-2010 documents is that, in 2010, Defendant requested and received a copy of the Hotel Chelsea's permanent exemption from the SROMD requirements which was issued in 1997. *Id.* at 1, 9-10. And, of course, Defendant concedes the relevance of these documents through its selective production from this time frame. *Id.* at 8.

[5] If the Court chooses not to reconsider its conclusion that Plaintiffs' request was untimely, the foregoing clearly demonstrates that good cause exists to compel Defendant to produce the 2008-2010 documents, particularly where the July Order did not contain any express reasoning on the issues of timeliness or good cause. *See* ECF No. 177 at 14.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court reconsider its Order overruling Plaintiffs' Objections to the July 19, 2024 Order and to modify the Order to compel Defendant to produce relevant documents and communications from 2008-2010.

Dated: April 4, 2025
       New York, New York

**KING & SPALDING LLP**

By: */s/ Jennifer S. Recine*
    Jennifer S. Recine
    Amy K. Nemetz
    1185 Avenue of the Americas
    New York, New York 10036
    Telephone: (212) 556-2100

*Attorneys for Plaintiffs Chelsea Hotel Owner LLC, Ira Drukier, Richard Born, and Sean MacPherson*

9

## CERTIFICATION OF WORD COUNT

Pursuant to Rule 7.1(c) of the Local Rules of the Southern District of New York, the undersigned hereby certifies that the foregoing memorandum of law contains 2,604 words according to the word count of the word-processing software used to prepare the foregoing, excluding the caption, table of contents, table of authorities, signature block, and this certification.

Dated: April 4, 2025
      New York, New York

By: */s/ Jennifer S. Recine*
     Jennifer S. Recine