

| | | |
|---|---|---|
| **MURIEL GOODE-TRUFANT**<br>*Corporation Counsel* | **THE CITY OF NEW YORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **STACY D'CUNHA-RUBIN, ESQ.**<br>Assistant Corportation Counsel<br>Administrative Law Division<br>phone: (212) 356-3191<br>fax: (212) 356-2059<br>Sdcunha@law.nyc.gov |

April 7, 2025

**Via ECF**
Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

    Re: <u>Chelsea Hotel Owner LLC, et al. v. City of N.Y.</u>
       No. 21-cv-3982(ALC)(RWL)

Dear Judge Carter:

  I am an attorney in the office of Muriel Goode-Trufant, Corporation Counsel of the City of New York. This office represents the Defendant, the City of New York ("City"), in the above-captioned action. Defendant submits this letter in opposition to Plaintiffs' letter dated April 4, 2025, and in support of Defendant's request for an adjournment *sine die* with respect to Defendant's summary judgment motion, until Plaintiffs' motion for reconsideration, filed on April 4, 2025, is resolved.

  This Court issued a summary judgment ("SJ") briefing schedule on March 21, 2025 following its resolution of the parties' respective Rule 72 discovery objections. <u>See</u> ECF 188. Soon after, Defendant reached out to Plaintiffs to request an extension of the SJ briefing schedule on March 26, 2025. <u>See</u> ECF 191, Exhibit A. At no time prior to the date of filing their motion for reconsideration on April 4, 2025, did Plaintiffs inform Defendant that they intended to file such motion with respect to this Court's March 21, 2025 Order. <u>See</u> ECF 187. Instead, Plaintiffs intentionally waited for Defendant to consent to a revised summary judgment briefing schedule on April 4, 2025 at 2:45 PM, and then filed their motion for reconsideration at 3:08 PM. <u>See</u> ECF 191. Plaintiffs' gamesmanship in filing their motion for reconsideration after Defendant consented to an amended summary judgment briefing schedule should not be countenanced by the Court.

Defendant will now have to expend additional time and resources over the next two weeks responding to Plaintiffs' unexpected motion for reconsideration.[1] Such a motion response was not contemplated when Defendant agreed to Plaintiffs' revised summary judgment briefing schedule on Friday at 2:45 PM. Moreover, as Plaintiffs, through their motion for reconsideration, continue to pursue additional discovery in this case, Defendant submits that it should not be put in the untenable position of being forced to go forward with its summary judgment motion without knowing whether discovery is complete or not.[2] Accordingly, Defendant requests that this Court adjourn the summary judgment briefing schedule *sine die* until this Court issues a decision on Plaintiff's motion for reconsideration. In the alternative, should this Court not believe that an adjournment *sine die* is warranted, Defendant requests that the 5/9/25 proposed deadline for Defendant's opening SJ brief be extended three weeks to 5/29/25, in light of the fact that Defendant will now need to spend time responding to Plaintiffs' motion for reconsideration.

For the aforementioned reasons, Defendant respectfully requests that this Court grant an adjournment *sine die* for summary judgment briefing until Plaintiffs' motion for reconsideration is resolved, or, in the alternative, adjourn the Defendant's time to file its opening summary judgment brief until May 29, 2025.

Thank you for your time and consideration of this request.

Respectfully submitted,

*Stacy D'Cunha-Rubin*
Stacy D'Cunha-Rubin, Esq.
Assistant Corporation Counsel

cc: KING & SPALDING (by ECF)
Attorneys for Plaintiffs
By: Jennifer S. Recine
1185 Avenue of the Americas, 34th Floor
New York, New York 10036
(212) 556-2100
JRecine@kslaw.com

---

[1] As previously noted, Defendant is also in the process of reviewing documents in accordance with this Court's March 21, 2025 Order and, at present, intends to make its final production by April 9, 2025.

[2] Indeed, in their motion for reconsideration, Plaintiffs continue to pursue discovery for a time period that has never been collected or reviewed by the City.