UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **CHELSEA HOTEL OWNER LLC, et al.,** | |
| **Plaintiffs,** | 1:21-cv-03982 (ALC) (RWL) |
| -against- | |
| **CITY OF NEW YORK,** | <u>ORDER</u> |
| **Defendant.** | |

**ANDREW L. CARTER, JR., United States District Judge:**

      Currently pending is Plaintiffs' motion for reconsideration of this Court's March 21, 2025 Opinion and Order affirming three discovery orders issued by Magistrate Judge Robert W. Lehrburger over the parties' objections. ECF No. 190. Specifically, Plaintiffs move for this Court to reconsider whether Judge Lehrburger erred in denying to compel production of 2008-2010 email communications in his order dated July 19, 2024. *See* ECF No. 191; *see also* ECF Nos. 117, 177. Having once again carefully reviewed Judge Lehrburger's order and the parties' arguments, the Court denies the motion for reconsideration.

BACKGROUND

      The Court assumes the parties' familiarity with the facts and procedural history of the case and will only outline the background as relevant to the Court's analysis herein.

      On July 9, 2024, Plaintiffs filed a letter with Judge Lehrburger which raised "outstanding deficiencies" in the Defendant's production. *See* ECF No. 173. Specifically, Plaintiffs argued that Defendant had failed to produce communications from 2008-2010 concerning the status of the Chelsea Hotel. *See id.* Defendant responded to this letter on July 12, 2024, contending that Plaintiffs' request for 2008-2010 email communications was untimely. *See* ECF No. 174. On July

1

19, 2024, Magistrate Judge Lehrburger issued an order which found that, for the reasons stated by Defendant, Plaintiffs were not entitled to the 2008-2010 communications. *See* ECF No. 175 at 1 (hereinafter "July Order").

On August 2, 2024, Plaintiffs objected to the July Order. ECF No. 177. Defendant filed an opposition brief on August 9, 2024. ECF No. 178. The Court overruled Plaintiffs' objections and affirmed the July Order in a decision filed on March 21, 2025. ECF No. 187. On April 4, 2025, Plaintiffs filed their motion for reconsideration regarding timeliness. ECF Nos. 190–91. Defendant filed its opposition on April 18, 2025. ECF No. 195.

## STANDARD OF REVIEW

Local Rule 6.3 provides the standard for a motion for reconsideration. This District has repeatedly stated that "[a] motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Drapkin v. Mafco Consol. Group, Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (internal quotation marks and citations omitted). "A motion for reconsideration should be granted only when [the movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)) (internal quotation marks omitted).

"[A] motion for reconsideration is neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005). "Parties should not regard such a motion as an opportunity to take a second bite at the apple." *Pascazi v. Rivera*, No. 13 Civ. 9029 (NSR), 2015 WL 5783944, at *1 (S.D.N.Y. Oct. 1, 2015)

(quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks and alteration marks omitted).

## DISCUSSION

The Court declines to reconsider its previous decision overruling Plaintiffs' objections to Judge Lehrburger's July Order. Plaintiffs do not argue that there has been an intervening change of law or discovery of new evidence, but instead focus on "key facts" the Court supposedly overlooked. *See* ECF No. 191 at 4. None of these facts convince the Court that there is a clear error to be corrected or a manifest injustice to be prevented.

The heart of Plaintiffs' argument is that Judge Lehrburger failed to rule on their request for the 2008-2010 email communications until the July Order. *See* ECF No. 191 at 4–5. They argue they made this request prior to the close of discovery and raised Defendant's failure to produce the communications at the February and April 2024 conferences, but Judge Lehrburger never addressed the request until the July Order. *See id.*

The Court reviewed this record in its prior opinion and came to a different conclusion. The Court noted that at the April 2024 conference "Judge Lehrburger stated that he was 'not requiring a wholesale going back and looking at 2008 to 2010,' only production of communications which 'turned up' during the City's investigation." ECF No. 187 at 16 (citing ECF No. 151 at 34:17–18; *id.* at 34:10–15). The Court additionally noted that "Plaintiffs raised no objections at the time, or to the following [April] order." *Id.*

Plaintiffs address this language from Judge Lehrburger in a footnote and argue it was too expansive to be responsive to their request for 2008-2010 communications. *See* ECF No. 191 at 5 n.2. The Court is not convinced of this, especially given the broader context in which Judge

3

Lehrburger made the statement. *See* ECF No. 151 at 33:21–23 (MR. MURRAY: "[T]hey were raising additional requests about e-mail searches back in 2008 and 2010.").

Plaintiffs additionally argue the Court should reconsider its decision that it "need not address the other rationales raised by Defendant" in affirming Judge Lehrburger's July Order. ECF No. 187 at 16. Critically, though, Plaintiffs fail to articulate why the Court's reliance on timeliness alone was insufficient. Absent this the Court finds no basis to revisit alternative arguments.

Last, Plaintiffs argue in a footnote that the Court should compel the requested discovery, despite any deficiencies, for good cause, but again fail to specifically justify why reconsideration of this issue is appropriate. *See id* at 8 n.5.

As the Court considered the relevant facts and law and decided accordingly, there is no need to "correct a clear error or prevent manifest injustice," *YLL Irrevocable Trust*, 729 F.3d at 104, and the Court denies Plaintiffs' request for the "extraordinary remedy" of granting their motion for reconsideration. *Drapkin*, 818 F. Supp. 2d at 695.

## CONCLUSION

For the reasons stated above, Plaintiffs' motion to reconsider this Court's previous Opinion and Order overruling their objections to Judge Lehrburger's July Order is **DENIED**. The Clerk of Court is respectfully directed to terminate the pending motion at ECF No. 190.

**SO ORDERED.**

Dated:   **June 6, 2025**
         **New York, New York**

                                                 **ANDREW L. CARTER, JR.**
                                                 **United States District Judge**