UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
CHELSEA HOTEL OWNER LLC et al.,

                           Plaintiffs,

      - against -

CITY OF NEW YORK et al.,

                           Defendants.
------------------------------------------------------------X

21-CV-3982 (ALC) (RWL)

**ORDER**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This order resolves the continued dispute concerning documents withheld as privileged or work-product by Defendant. (*See* Dkts. 221, 223.) Plaintiffs asked that the Court review *in camera* 44 documents remaining in whole or in part on Defendant's privilege log. Plaintiffs argued that those documents should be produced in full pursuant to the Court's earlier rulings, including the Court's finding at-issue waiver. Plaintiffs also argued that the documents should be produced based on a broader at-issue waiver resulting from Defendant's arguments on summary judgment.

By order dated June 25, 2025 (Dkt. 224), the Court directed that Defendant submit to the Court for *in camera* review 17 of the documents. The Court selected those documents as representative of the entire list and did not include the other 27 because, based on the chart provided by Plaintiff, they appeared to be "same" or "similar" to the 17 documents selected by the Court. Accordingly, the rulings herein apply equally to the other 27 documents to the extent they are the same or similar.

Most of the documents reviewed by the Court have been appropriately withheld or redacted consistent with the Court's prior orders, particularly insofar as they reflect

1

litigation strategy. And, the Court is not persuaded that Defendant's summary judgment arguments effect a broader waiver than what the Court has already found. However, the Court finds that certain portions of some documents must be produced. Specifically,

**DOC 1, DEF077423-26:** (a) Unredact the entire email content for December 18, 2020 3:36 pm from Weithman on DEF077426, and (b) Unredact the email content below that one — December 18, 2020 3:15 pm from Ronit — beginning with the words "received DOB certified documents" through to the end.

**DOC 2, DEF078302:** Unredact consistent with the (b) email identified above.

**DOC 10, DEF082706:** Unredact the email content for November 10, 2020 3:08 p.m. from Ronit beginning with the words "The historical evidence" through the words "remain today", and resuming with the words "Clearly, an" through to the end.

**DOC 39, PRIV-WIF-1469 (spreadsheet):** Produce rows 1-6, 22, 65, and any other row for 222 West 23rd Street; listings for any other property may be redacted. **DOCS 40, 41, 42, and 43** should be produced in similar fashion. The 2010 spreadsheet expressly addresses the hotel's SROMD and exemption status. According to Plaintiff, the 2010 spreadsheet was "accessed and/or updated in May 2019," which falls within the 2018-2021 time period. (Dkt. 221 at 2.) According to Defendant, however, the documents "were not part of the review, investigation, or inquiry into the Hotel's SROMD status during [the 2018-2021] timeframe." (Dkt. 223 at 2.) If so, the pre-2018 spreadsheets arguably do not fall squarely within the Court's orders of April 8, 2024 (Dkt. 149) and May 20, 2025 (Dkt. 198). However, the spreadsheet entries reflect what certain persons (at least counsel) within DOB knew when about the Hotel's SROMD status and exemption. Moreover, Defendant apparently did, pursuant to the Court's waiver order,

produce the comparable spreadsheet for calendar year 2018 (modified in 2022 according to Plaintiffs). (Dkt. 223 at 2; Dkt. 221 at 2 and Ex. E.) The pre-2018 spreadsheets are sufficiently related to the 2018 spreadsheet and matters put at issue by Defendant that the attorney-client and work product waiver found by the Court extends to them as well. The Court acknowledges that it previously declined to require Defendant to affirmatively search for communications from the pre-2018 time period. But, that does not mean that Defendant is insulated from producing documents **which it actually and knowingly has in hand** (as evidenced by inclusion on Defendant's privilege log) even without conducting a search.

        SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: July 7, 2025
      New York, New York

Copies transmitted this date to all counsel of record.