USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 1/12/26

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**CHELSEA HOTEL OWNER LLC, et al.,**

**Plaintiffs,**

**-against-**

**CITY OF NEW YORK,**

**Defendant.**

**1:21-cv-03982 (ALC) (RWL)**

**OPINION & ORDER**

---

**ANDREW L. CARTER, JR., United States District Judge:**

Currently pending before the Court is an objection to a discovery order issued by Magistrate Judge Robert W. Lehrburger. Specifically, Defendant objects to an order issued on July 7, 2025 (ECF No. 226, hereinafter "July Order"). *See* ECF No. 228.

Having carefully reviewed Judge Lehrburger's order and the parties' arguments, Magistrate Judge Lehrburger's ruling is **AFFIRMED** and the Defendant's objection is **OVERRULED** for the reasons set forth below.

## BACKGROUND

The Court has previously detailed the factual history of this case. *See Chelsea Hotel Owner LLC v. City of New York*, No. 21-CV-3982-ALC-RWL, 2022 WL 4625446, at *1–2 (S.D.N.Y. Sept. 30, 2022). The Court assumes the parties' familiarity with the facts and procedural history of the case and will only outline the background as relevant to the Court's analysis herein.

On May 4, 2021, Chelsea Hotel Owner LLC, Ira Drukier, Richard Born, and Sean MacPherson (collectively, "Plaintiffs") initiated this action, asserting causes of action against City of New York ("City"), the New York City Department of Housing Preservation & Development ("HPD"), Martha Ann Weithman in her official capacity as Assistant Commissioner of HPD

1

("Weithman"), and the New York City Department of Buildings ("DOB") for violating substantive due process rights pursuant to 42 U.S.C. § 1983. *See generally* ECF No. 1 (hereinafter "Compl."). Defendant filed a motion to dismiss which the Court granted as to HPD, Weithman, and DOB, and denied in all other respects. *See Chelsea Hotel Owner LLC v. City of New York*, No. 21-CV-3982-ALC-RWL, 2022 WL 4625446 (S.D.N.Y. Sept. 30, 2022). The Court referred this matter to Judge Lehrburger for general pre-trial management on January 6, 2022. *See* ECF No. 35.

The pending objection pertains to an ongoing dispute between the parties concerning documents withheld as privileged or work-product by Defendant. *See* ECF Nos. 221, 223. At an April 8, 2024 discovery conference, Magistrate Judge Lehrburger found that "the City contends, in several places, that it acted reasonably, including, by, one, conducting the 2018 review of the status following an inquiry from the tenant. And two, discussing the matter with HPD." ECF No. 151-1 at 21: 12-16 (hereinafter "Tr."). On the basis that Defendant elected to put the issue of reasonableness forward, Judge Lehrburger issued an order (ECF No. 149, hereinafter "the April Order"), ruling that Defendant "shall produce to Plaintiff all documents regarding, for any time between July 2018 and January 2021, (1) what the City knew about the [status] of the hotel and when the City acquired that knowledge, and (2) what, if any, inquiry, review, or investigation the City conducted of the [status] of the Hotel, regardless of whether the document is a privileged communication or attorney work product . . . . City is not required to produce information reflecting litigation strategy." April Order; *see also* Tr. At 22:20–23. As part of the April Order, Defendant was ordered to review its redactions and privilege log and re-produce the necessary materials within the scope of the Court's order. April Order.

On April 22, 2024, Defendant filed a Rule 72 objection to part of the April Order. *See* ECF No. 151. On March 21, 2025, this Court issued an order and opinion, in relevant part, overruling

Defendant's objection and affirming the April Order. *See* ECF No. 187. On May 20, 2025, Judge Lehrburger ordered that Defendant make any additional production of privilege documents and that if Plaintiffs believe Defendant still not to have fully complied with the Court's waiver production order, to bring any remaining disputes to the Court's attention. *See* ECF No. 198. Following the parties conferring and Defendant making a final production on June 3, 2025, Plaintiffs submitted a letter to Judge Lehrburger on June 17, 2025 raising remaining disputes over 44 documents and arguing that those documents should be produced in full pursuant to the Court's April Order finding an at-issue waiver. *See* ECF No. 221.  Judge Lehrburger directed Defendant to provide 17 of the 44 documents for an *in camera* review. ECF No. 224.

Following his *in camera* review of the 17 documents, Judge Lehrburger issued an order on July 7, 2025 ruling on each document and the pertinent issues raised by the parties. *See* ECF No. 226 (hereinafter the "July Order"). In the July Order, Judge Lehrburger acknowledges that the Court selected those documents as representative of the entire list and did not include the other 27 documents because they appeared to be the same or similar to the 17 selected. July Order. Relevant to Defendant's objection, Judge Lehrburger ruled that: (1) "Most of the documents reviewed by the Court have been appropriately withheld or redacted consistent with the Court's prior orders, particularly insofar as they reflect litigation strategy"; (2) the Court finds certain portions of some documents must be produced; (3) the pre-2018 spreadsheets "are sufficiently related to the 2018 spreadsheet and matters put at issue by Defendant that the attorney-client and work product wavier found by the Court extends to them as well"; and (4) Defendant is not insulated from producing documents it actually and knowingly has in hand. *See* July Order.

Now pending before this Court is Defendant's objection to the July Order. On July 21, 2025, Defendant filed objections to Judge Lehrburger's July Order. ECF No. 228. Plaintiffs filed

3

an opposition brief on July 28, 2025. ECF No. 231. On August 4, 2025, Defendant filed a reply. ECF No. 233.[1] The Court now addresses Defendant's objection to Judge Lehrburger's July Order.

**STANDARD OF REVIEW**

Under Fed. R. Civ. P. 72(a), "the district judge . . . must consider timely objections to the magistrate judge's decision and modify or set aside any part of the order that is clearly erroneous or contrary to law." *Tiffany & Co. v. Costco Wholesale Corp.*, No. 13-CV-1041 (LTS)(DCF), 2013 WL 5677020, at *1 (S.D.N.Y. Oct. 18, 2013). A discovery order is "clearly erroneous" when "on the entire evidence, the district court is left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 243 (2001) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)) (internal quotation marks omitted). A discovery order is "contrary to the law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Weiss v. La Suisse*, 161 F. Supp. 2d 305, 321 (S.D.N.Y. 2001) (internal quotation marks omitted).

"It is well-settled that a magistrate judge's resolution of a nondispositive matter should be afforded substantial deference and may be overturned only if found to have been an abuse of discretion." *Xie v. JPMorgan Chase Short-Term Disability Plan, et al.*, No. 15-CV-4546, 2018 WL 501605, at *1 (S.D.N.Y. Jan 19, 2018); *see also Brown v. Barnes & Noble, Inc.*, No. 16-CV-7333 (RA), 2019 WL 5188941, at *1 (S.D.N.Y. Oct. 15, 2019). A magistrate judge has broad discretion to manage discovery disputes. *See Auto. Club of New York, Inc. v. The Port Auth. of New York & New Jersey*, No. 11-CV-6746, 2015 WL 3404111, at *2 (S.D.N.Y. May 27, 2015).

---

[1] Rule 72(a) "does not require the Court to permit a party to file a reply in support of an objection." *Tiffany & Co. v. Costco Wholesale Corp.*, No. 13 CIV. 1041 LTS DCF, 2013 WL 5677020, at *2 n.2 (S.D.N.Y. Oct. 18, 2013). Courts have the discretion to consider or disregard a reply brief submitted without the Court's permission. *See Hervochon v. Iona Coll.*, No. 14-CV-6017 (CS), 2019 WL 1375359, at *1 n.1 (S.D.N.Y. Mar. 27, 2019). Nonetheless, the Court notes that the reply has little impact on its analysis of the outstanding discovery objections and is not relied upon in this opinion.

"Thus, the party seeking to overturn a magistrate judge's decision . . . carries a heavy burden." *Anwar v. Fairfield Greenwich Ltd.*, 982 F.Supp.2d 260, 263 (S.D.N.Y. 2013) (internal quotation marks and alterations omitted).

## DISCUSSION

Defendant filed objections to the July Order on July 21, 2025. ECF No. 228. Defendant objects to the part of the July Order requiring production of certain documents on Defendant's privilege log following an *in camera* review by Judge Lehrburger and the Court's finding that the at-issue waiver extends to such documents. *Id.* at 6. Further, Defendant objects to judge Lehrburger's July Order as being untenable. Plaintiff filed its response on July 28, 2025, arguing that the Court ordered production was not outside the scope of the previous waiver orders and that Defendant's new argument about the re-opening of fact discovery should be rejected. ECF No. 231. The Court will first address Defendant's objections regarding the scope of the waiver and then those pertaining to the untimely re-opening of fact discovery.  Lastly, the Court will address Defendant's argument that Judge Lehrburger's July Order was indiscernible or untenable.

### i.    *Scope of the Waiver*

Upon the *in camera* review of 17 documents, Judge Lehrburger ordered that Defendant unredact and produce certain portions of specific documents. ECF No. 226. Defendant argues that production of these documents is outside the scope of the at-issue waiver for different reasons; thus, the July Order to produce these documents is clearly erroneous and contrary to law. ECF No. 228 at 6. Defendant objects to all four documents ordered to produce in the July Order: Doc. 1, Doc. 2, Doc. 10, and Doc. 39. As to Doc. 1 and Doc. 2, Defendant argues that the specific part of the discussion ordered to be unredacted is part of a larger discussion involving

the handling of the OATH trial, and thus constitutes litigation strategy. *Id.* at 21. But Judge

Lehrburger left redacted the portion of the material that reflects litigation strategy, and only

ordered unredacted the narrow portion of the material that reflects what the City knew about the

Hotel's SROMD status between 2018-2021. ECF No. 226. Magistrate Judge Lehrburger

committed no clear error by ordering the production of this material.

As to Doc. 10, Defendant argues that it should be withheld as being outside the at-issue

waiver on the basis of litigation strategy because the document reflects mental impressions of the

OATH trial attorney. Mental impressions are protected under the work-product doctrine. *See*

F.R.C.P. 26(b)(3)(A); *see also U.S. v. Adlman*, 134 F.3d 1194, 1199 (2d Cir. 1998). In the April

Order, Judge Lehrburger explicitly directed Defendant to produce certain documents placed at-

issue by Defendant "regardless of whether the document is a privileged communication or

attorney work product." *See* ECF No. 149. Further, the portion of material ordered unredacted by

Judge Lehrburger clearly falls within the at-issue waiver as the sentences ordered unredacted

concern what the City knew about the Hotel's SROMD status between 218-2021; any language

pertaining to litigation strategy was left redacted. Thus, Judge Lehrburger's order to unredact a

portion of this document was not clear error or contrary to law.

As to Doc. 39, a pre-2018 spreadsheet, Defendant objects on the basis that this document

is outside the scope of the waiver which was limited to the time period between July 2018 and

January 2021. Specifically, defendant argues Judge Lehrburger's ruling is contrary to the

previous waiver orders which declined to require the city to search for and produce pre-2018

communications. This Court notes that in Judge Lehrburger's May Order, the Court clarified that

"Although the time frame is bounded to 2018-2021, those dates apply to what the City knew and

what the City investigated/reviewed/inquired (concerning SROMD status and any exemption)

6

during that time frame; documents outside that time frame shall be produced if they reflect what the City knew or did during the 2018-2021 period." May Order at 1. In ordering that certain rows in Document 39 be produced in the July Order, Judge Lehrburger acknowledges that Plaintiff represents this document was accessed in 2019 which falls within the applicable time period. *See* July Order at 2. Further, Judge Lehrburger recognizes that spreadsheet entries of document 39 "reflect what certain persons (at least counsel) within DOB knew when about the Hotel's SROMD status and exemption." *Id*. at 2. Accordingly, as Judge Lehrburger ruled, the pre-2018 spreadsheet is sufficiently related to matters put at issue by Defendant and thus should be produced pursuant to the at-issue waiver. As such, Judge Lehrburger's order to produce as to Document 39 was not clear error.

ii.     *Re-opening of Fact Discovery*

Defendant made its final discovery production on June 3, 2025. *See* ECF No. 228 at 12. Plaintiff objected on June 14, 2025, arguing there were 44 documents on Defendant's privilege log that were at-issue and improperly redacted or withheld. ECF No. 221. Defendant objected to Plaintiffs' request that the documents be produced, arguing they were not subject to the Court's previous waiver orders. ECF No. 223. At this time, Defendant did not object on the basis that production of such documents would be untimely and constitute improper re-opening of fact discovery. Thereafter, Judge Lehrburger ordered an *in camera* review of 17 of the 44 documents. ECF No. 224. Judge Lehrburger then issued the July Order to produce certain portions of specific documents. ECF No. 226.

Under Rule 72(a), a party may object to a non-dispositive matter decided by a magistrate judge "within 14 days after being served with a copy," but "may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a). Since Defendant did not object to

7

production of the documents for an *in camera* review on the grounds that such production would constitute a re-opening of discovery, Defendant waived its right to object to Magistrate Judge Lehrburger's July Order on such basis. *See In Re Keurig Green Mountain*, 336 F.R.D. 400, 404 (S.D.N.Y. 2020) ("New arguments and factual assertions cannot properly be raised for the first time in objections to a magistrate's discovery order and indeed may not be deemed objections at all.")  (internal quotation marks and alterations omitted).

Further, the continued enforcement of discovery orders does not amount to an improper re-opening of discovery. At the April 8, 2024 discovery conference, Judge Lehrburger directed that if there were further issues with Defendant's compliance with the waiver order, they could be addressed at a later time. Tr. 31:8—16. Indeed, the objections to the July Order currently before the Court arose from the parties' ongoing disagreements as to which documents being withheld by Defendant were subject to the waiver order. ECF Nos. 221, 223. Because this Court finds that Judge Lehrburger's July Order does not constitute a re-opening of discovery, Defendant's arguments as to whether good cause exists such the re-opening of discovery need not be addressed.

iii.    *July Order is 'Untenable' or 'Indiscernible'*

When a court ruling is unclear or ambiguous, a motion for clarification is the proper procedural vehicle to resolve any alleged ambiguities. *See McCaffrey v. Gatekeeper USA, Inc.,* No. 14-CV-493, 2022 WL 1321494, at *1 (S.D.N.Y. May 3, 2022).  The issuing court may grant the motion and provide additional clarification modifying a ruling or order. To the extent Defendant finds Judge Lehrburger's July Order to be unclear or ambiguous, Defendant should seek leave to file a motion for clarification with Judge Lehrburger. Defendant's objection is **OVERRULED.**

Accordingly, the Court **AFFIRMS** the July Order and Defendant's objections are overruled. The Clerk of Court is respectfully directed to terminate the pending motion at ECF No. 228.

**SO ORDERED.**

**Dated**:    **January 12, 2026**
        **New York, New York**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**