King & Spalding LLP
1290 Avenue of the Americas
New York, NY 10104

Tel: (212) 556-2100
Fax: (212) 556-2222

Jennifer S. Recine
Partner
Direct Dial: (212) 556 370
jrecine@kslaw.com

September 25, 2026

**VIA ECF and E-MAIL**

The Honorable Andrew L. Carter, Jr.
40 Foley Square, Room 435
New York, New York 10007
ALCarterNYSDChambers@nysd.uscourts.gov

Re: *Chelsea Hotel Owner LLC v. City of N.Y.*, No. 1:21-cv-03982 (ALC-RWL)

Dear Judge Carter,

Pursuant to Section 1.A of Your Honor's Individual Practices, we write on behalf of Plaintiffs Chelsea Hotel Owner LLC, Ira Drukier, Richard Born, and Sean MacPherson ("Plaintiffs") requesting that the Court reconsider its Order (ECF No. 287) granting Defendant the City of New York's requested schedule for exchanging pre-trial materials necessary to meet the Court's October 13 deadline for submitting a proposed joint pre-trial order ("JPTO"). (ECF No. 286).[1] For the reasons explained below, Defendant's proposal is burdensome and prejudicial to Plaintiffs, whereas Defendant concedes there is no prejudice from Plaintiffs' proposal and its objections are unfounded.

**Background**

On September 17, 2026, the Court ordered the parties to be ready to try this case on November 2 and to submit pre-trial materials as required under Your Honor's Individual Practices by October 13, 2026. (ECF No. 280). On Tuesday, September 22, Plaintiffs' counsel contacted counsel for Defendant proposing the following pre-trial exchange schedule, offering to advance any deadlines earlier to afford the parties additional time for review, and sought to meet and confer:

| Date | Items to Exchange |
|---|---|
| 10/2 | Parties exchange proposed stipulations of fact/law, witness lists, affirmative deposition designations (chart + highlighted transcripts) |
| 10/5 | Plaintiffs send draft JPTO[2]<br>Parties exchange exhibit lists, copies of proposed exhibits |

[1] The Court entered its Order less than 24-hours after Defendant filed their letter with the Court.

[2] This refers to a draft JPTO addressing sections 4.A.i-vii and xi-xii of Your Honor's Individual Practices.

| | |
|---|---|
| 10/6 | Parties respond to proposed stipulations of fact/law |
| 10/7 | Parties exchange counter-designations and objections to deposition testimony, confer about anticipated motions *in limine* |
| 10/8 | Defendants send JPTO revisions |
| 10/9 | Parties exchange objections to witnesses, exhibits |
| 10/12 | Parties exchange objections to counter-designations of deposition testimony |
| 10/13 | File JPTO, proposed voir dire, proposed jury instructions, motions *in limine* |

*See* Ex. A at 5 (Sept. 22, 2026 email from A. Nemetz to E. Murray). This proposal gives each party equal time with the other's proposed materials (for example, each side has an equal number of days to review and object to exhibits and designations of deposition testimony) and does not unduly burden one more than the other.

Defendant's counsel refused to engage with Plaintiffs' proposal. Instead, counsel for the City insists that Defendant should have eleven days with *all* of Plaintiffs' exhibits, deposition designations, and proposed stipulations of fact to determine objections and develop motions *in limine*, while Plaintiffs receive only five days with Defendant's version of the same materials. *See* Ex. A at 4 (Sept. 22, 2026 email from A. Ikard to A. Nemetz).[3] Defendant also refuses to timely confer with Plaintiffs' counsel regarding anticipated motions *in limine* to see whether any anticipated motions can be resolved without court intervention.

**The Court Should Reject Defendant's Proposal and Adopt Plaintiffs' Proposed Pretrial Exchange Schedule.**

Defendant's unreasonable proposal is impractical, unduly burdensome to Plaintiffs, unnecessary, and inconsistent with civil jury trial practice in this Court.

*First*, the Court's practices require the parties to file exhibit lists with objections, as well as affirmative and counter-designations of deposition testimony with objections to each, simultaneously on October 13. Neither party can object to exhibits without seeing them, nor can either party counter-designate or object to designated testimony without reviewing its adversary's initial designations. October 13 is also the date for both parties to file motions *in limine*. It is unworkable for Plaintiffs to receive and respond to Defendant's exhibits and deposition designations – which means turning around objections and counter-designations, plus objections to Defendant's counter-designations in less than 24 hours – in only five days. This is unfairly burdensome to Plaintiffs only. In contrast, Plaintiffs' proposal distributes the hardship of preparing for this trial on an expedited schedule evenly across both parties.

*Second*, there is no good reason to unfairly burden Plaintiffs in this way. Defendant's assertion that it must make "guesses about what plaintiffs' case will be" is not credible: Defendant has been litigating this case for nearly six years; Defendant's counsel managed to put together a

[3] Defendant first proposed that the parties focus on exchanging copies of jury instructions and proposed *voir dire*, which is not required by Your Honor's Individual Rules. *See* Ex. A at 4 (Sept. 22, 2026 email from A. Ikard to A. Nemetz).

376-paragraph statement of undisputed facts in support of its motion for summary judgment, which relied upon 124 exhibits (*see* ECF Nos. 246-1–246-124, 247); and Defendant has reviewed the 156 additional documents selected by Plaintiffs to oppose summary judgment (*see* ECF Nos. 255-1–255-156). Defendant's vague argument that Plaintiffs' proposal will cause "unnecessary extra work on the document" makes no sense; indeed, it is also normal for the parties to amend their pre-trial submissions before (and occasionally after) the filing deadline. This is exactly why Plaintiffs would prefer a more cooperative, evenhanded approach to the JPTO.

*Third*, the only basis for Defendant's position is its "assert[ion] that, as the party with the burden of proof, plaintiffs must provide their proposed JPTO to the City first." (ECF No. 286 at 1.) Not only is there no support for Defendant's assertion, but also this is not what Your Honor's Individual Practices require. And contrary to Defendant's assertion that its "Office" has the "experience [that] it is typically the plaintiff's responsibility to provide the first draft of the JPTO for the defendant to review" (*id.* at 2), during a meet and confer Defendant's counsel admitted that neither of the attorneys trying this case had ever experienced such a pretrial exchange in a civil jury trial in this District or elsewhere.[4]

For these reasons, Plaintiffs respectfully request that the Court reconsider its Order (ECF No. 287) granting Defendant's requested pretrial exchange proposal and so-order the pre-trial exchange schedule proposed by Plaintiffs in the table above.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

Jennifer S. Recine

cc: All Counsel of Record (via ECF and e-mail)

Upon reconsidering the Court's Order at ECF No. 287, Plaintiff's proposed pre-trial exchange schedule is hereby GRANTED. Plaintiffs' proposed pretrial exchange schedule provides Defendant with the same date to respond to Plaintiffs' proposed JPTO and also provides each side with equal time to review each others' proposed materials. If either party still has objections to the pretrial exchange proposal, the parties should meet and confer on such issues and provide a joint status report to the Court. The Clerk of Court is respectfully directed to terminate the pending motion at ECF No. 288.

SO ORDERED:

HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE

September 28, 2026

[4] In contrast, certain of Plaintiffs' counsel completed a civil jury trial before the Hon. Denise L. Cote earlier this year. Judge Cote's pretrial JPTO requirements are nearly identical to Your Honor's.