**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **CHELSEA HOTEL OWNER LLC et al.,**<br><br>**Plaintiffs,**<br><br>**-against-**<br><br>**CITY OF NEW YORK et al.,**<br><br>**Defendants.** | **1:21-cv-03982 (ALC) (RWL)**<br><br>**ORDER** |

**ANDREW L. CARTER, JR., United States District Judge:**

Today, the Court held a final pre-trial conference on various pre-trial matters, including the Parties' motions in limine, the Parties' October 23, 2026, and October 26, 2026, letters regarding a FOIL production, and the Court's anticipated ruling on who, if anyone, should be considered a final policymaker for the purposes of liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

At today's conference, the court made oral rulings on the Parties' motions in limine.

As discussed, the Court herby **DENIES** Plaintiffs' motions: (1) to preclude Defendant from presenting evidence, testimony, or argument that Defendant's conduct was negligent; (2) to preclude Defendant from presenting evidence of the January 23, 2020, meeting between Plaintiffs and tenants; and (3) to preclude undisclosed exhibits into evidence unless they are used for the purpose of impeachment. The Court here **GRANTS** in part Plaintiffs' motion to preclude the trial testimony of Chintan Desai. The Court will allow Chintan Desai's expert testimony. As such, the Court **ORDERS** the Defendants to disclose Chintan Desai as an expert witness by **October 28, 2026**, and confer with Plaintiffs on an appropriate time for deposition. The Court hereby **GRANTS** Plaintiffs' motion to preclude evidence, testimony, or argument speculating

about James Colgate.

With regard to Defendant's motions in limine, the Court hereby **DENIES** Defendant's motions: (1) to preclude testimony from witnesses Caroline Glaser, Bennett Fradkin, and Marlene Kraus; (2) to preclude Plaintiffs from mentioning or offering testimony and/or documentary evidence regarding the 2013 and 2016 consent decrees; (3) to preclude testimony about the policies or historical actions of city agencies outside of their direct personal knowledge; (4) to preclude evidence pertaining to knowledge of alleged final policymakers, except for evidence pertaining to their knowledge between 2018 and 2020; (5) to preclude Mr. Robert LaMandri from testifying; and (6) to preclude the 2010 and 2011 spreadsheets. The Court hereby **ORDERS** the parties to confer on an appropriate time for Defendant to depose Caroline Glaser, Bennett Fradkin, and Marlene Kraus. Further, the Court **DENIES** as moot Defendant's request to preclude the Conflict of Interest Board Substantial Policy Discretion List.

With regard to Parties' letter submissions at ECF Nos. 335 & 338, the Court hereby **ORDERS** Defendant to produce, *ex parte*, an unredacted version of the emails to Chambers by **October 28, 2026**.

Furthermore, as discussed at today's conference, the Court will soon make a ruling on whether Andrew Wallace, Martin Rebholz, and/or Martha Ann Weithman have final policymaking authority. The Court **ORDERS** parties to submit a joint letter by **October 28, 2026,** addressing the following three questions:

(1) Is there any state or local authority that vests final decision-making power in any of the three individuals named? And if so, where is that authority found?

(2) During their depositions, did any of these individuals testify to what they do and do not have final policymaking authority over? And if so, what?

(3) How does the fact that all of these individuals have supervisors impact the Court's analysis?

Finally, as discussed, the Court **ORDERS** the parties to submit a joint status report on settlement updates by **October 30, 2026**.

**SO ORDERED.**

**Dated:** **October 27, 2026**
**New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**