**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **CHELSEA HOTEL OWNER LLC et al.,** <br> **Plaintiffs,** <br> **-against-** <br> **CITY OF NEW YORK et al.,** <br> **Defendant.** | **1:21-cv-03982 (ALC) (RWL)** <br> **<u>OPINION AND ORDER</u>** |

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiffs Chelsea Hotel Owner LLC ("Owner"), Ira Drukier, Richard Born, and Sean McPherson bring this action against Defendant City of New York ("City"), asserting claims pursuant to 42 U.S.C. § 1983 for the violation of Plaintiffs' substantive due process rights. Plaintiffs assert that the alleged violations were conducted pursuant to a policy or custom, as the relevant actions were carried out by final policymakers. For the following reasons the Court finds that Plaintiffs have failed to carry their burden to show that Martin Rebholz, Andrew Wallace, or Martha Ann Weithman are final policymakers under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978).

## BACKGROUND

This Court assumes that the parties are familiar with the general facts of this case, and as such, provides limited background for the purpose of this opinion. On September 17, 2026, this Court denied Defendant's motion for summary judgment and scheduled trial for November 2, 2026. Order Den. Mot. Summ. J., ECF 280. In their pretrial papers, the parties asked the Court to evaluate, prior to trial, whether Martin Rebholz, Andrew Wallace, and/or Martha Ann Weithman were final decisionmakers under *Monell*. *See* Def.'s Mem. Supp. Mots. Lim. at 4, ECF 308; Pls.'

Opp. Def.'s Mots. Lim. at 3, ECF 334.

During the period from 2018 to 2021 when the events at issue took place, each of these individuals held positions at the New York City Department of Buildings ("DOB") or the Department of Housing Preservation and Development ("HPD"). Martin Rebholz was DOB's Manhattan Borough Commissioner through November 11, 2019, and subsequently held the position of DOB's Deputy Commissioner of Development and Technical Affairs until May 4, 2022. Andrew Wallace served as DOB Assistant General Counsel during the relevant time period. And, since 2017, Martha Ann Weithman has been the Assistant Commissioner of HPD's Housing Litigation Division ("HLD").

As Plaintiffs solely rely on the final policymaker theory for their *Monell* claim, this Court consented to the parties' request to evaluate each of these individual's final policymaking authority prior to trial.

**DISCUSSION**

Under Section 1983, a municipality may not be held liable "unless action pursuant to official policy of some nature caused a constitutional tort." *Monell*, 436 U.S. at 691. To succeed under *Monell* a plaintiff must prove: "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Row v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008) (citing *Monell*, 436 U.S. at 690–91). "[A] single decision by a designated policymaker may be sufficient to establish the existence of a municipal policy under *Monell*." *Levin v. City of Buffalo*, 179 F.4th 132, 140 (2d Cir. 2026) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). While a single decision by a final policymaker can constitute official policy, that decision must be made by the final *policymaker*, not simply a final *decisionmaker*. *See Agosto v.*

*New York City Dep't of Educ.*, 982 F.3d 86, 100 (2d Cir. 2020) ("[E]quating a final decisionmaker with a final policymaker . . . would effectively impose *respondeat superior* liability . . . in violation of *Monell* itself.")

Where "the actions complained of . . . were taken or caused by an official whose actions represent official policy, the court must determine whether that official had final policymaking authority in the particular area involved." *Jeffes v. Barnes*, 208 F.3d 49, 57 (2d Cir. 2000). "Whether the official in question possessed final policymaking authority is a legal question . . . to be resolved by the trial judge before the case is submitted to the jury." *Id.* (internal quotations omitted) (quoting *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989)). When a plaintiff relies on the final policymaker theory, the plaintiff has the burden to "establish that element as a matter of law." *Id.* at 58.

To establish that a city official has final policymaking authority, the plaintiff must demonstrate that the official has "'final authority over significant matters involving the exercise of discretion.'" *Levin*, 179 F.4th at 140 (quoting *Gronowski v. Spencer*, 424 F.3d 285, 296 (2d Cir. 2005). First, the plaintiff must identify the "significant matter," or rather, the policy at issue. *See id.* at 141 (noting that the plaintiffs successfully identified a "significant matter" under a policymaker's control). Second, the plaintiff must establish that the official had final policymaking authority over the particular policy. "Whether the official in question possessed final policymaking authority is a legal question . . . which is to be answered on the basis of state law . . . includ[ing] state and local positive law, as well as custom or usage having the force of law." *Jeffes*, 208 F.3d at 57 (internal citations omitted). "[W]here a policymaker wholly delegates certain policy powers to a subordinate, the subordinate may herself qualify as a policymaker, thus subjecting the municipality to liability." *Haughey v. Cnty. of Putnam*, No. 18-

CV-2861 (KMK), 2022 WL 4468066 (S.D.N.Y. Sept. 26, 2022).

For the reasons stated below, Plaintiffs have failed to establish that Martin Rebholz, Andrew Wallace, or Martha Ann Weithman are final policymakers.

I. The Alleged Policies.

Plaintiffs claim (1) Martin Rebholz had final policymaking authority over the Department of Building's ("DOB") change to the Hotel's SROMD designation, the revocation of the Hotel's redevelopment permit, and DOB's issuance and maintenance of the stop work order; (2) Andrew Wallace had final policymaking authority over the DOB's change to the Hotel's single room occupancy multiple dwelling ("SROMD") designation; and (3) Martha Ann Weithman had final policymaking authority over HPD's determination that the Hotel was an SROMD subject to the Certificate of No Harassment ("CONH") requirement. Joint Letter at 1, ECF 340. Where Plaintiffs fail, however, is in establishing that these individuals had final *policymaking* authority over these areas, as opposed to serving as final decisionmakers for these specific decisions.

II. Final Policymaking Authority.

Rather than establishing that Ms. Weithman, Mr. Wallace, and/or Mr. Rebholz had final policymaking authority over changes to SROMD designations, the revocation of permits, and stop work orders, Plaintiffs attempt to establish that these individuals had final decision-making authority. The Supreme Court has "rejected the 'concept of *de facto* final policymaking authority,'" *Agosto*, 982 F.3d at 100 (quoting *City of St. Louis v. Praprotnik*, 485 U.S. 112, 131 (1988)), and cautioned against "conflat[ing] a final decisionmaker . . . with a final policymaker." *Id.* at 92. Even if the decisions of Mr. Wallace, Mr. Rebholz, or Ms. Weithman were unreviewable by their superiors, Plaintiffs have not established that these individuals were final policymakers for issues relating to the relevant decisions. *See Agosto*, 982 F.2d at 94 ("Even if

not reviewable, [the] decisions did not set municipal policy because [the defendant's] status as a final *decisionmaker* . . . would not make him the final *policymaker* . . . ." (internal quotations omitted)). Plaintiffs have failed to identify any source of law or "custom or usage having the force of law," vesting final policymaking authority in these individuals. *See Jeffes*, 208 F.3d at 57. A finding that any of these individuals are final policymakers would thus "effectively impose *respondeat superior* liability . . . in violation of *Monell* itself." *Agosto*, 982 F.3d at 100.

**A. <u>Martin Rebholz and Andrew Wallace</u>**

The New York City Charter specifically vests final policymaking authority in the DOB Commissioner to "approve or disapprove of plans for the construction or alteration of any building or structure" and to "require that the construction or alteration of any building or structure . . . shall be in accordance with the provisions of law and the rules, regulations, and orders applicable thereto . . . ." N.Y.C. Charter § 645(b)(1), (2). By the Charter's plain text, DOB Commissioner holds broad final policymaking authority over decisions relating to building permits, stop work orders, and the proper designation of SROMDs, so all construction is in accordance with applicable laws, rules, and regulations. The City Charter goes on to state that "[t]he commissioner may, *by instrument in writing* filed in the department, designate a borough superintendent of the department to possess within a borough any of the powers granted to the commissioner by subdivision (b) of this section and to exercise the same within such borough in the name of the commissioner for such times and under such conditions as he may specify. The borough superintendent shall also perform such other duties as the commissioner may direct." N.Y.C. Charter § 645(c) (emphasis added). Plaintiffs have not established that the DOB Commissioner delegated policymaking authority over revocations of permits, stop work orders, or SROMD designations, in writing or otherwise, to either Mr. Rebholz or Mr. Wallace.

First, Plaintiffs do not sufficiently address the City Charter's delegation of this authority to another official, namely the DOB Commissioner. They point to no written delegation of final policymaking authority to Mr. Rebholz or Mr. Wallace.

Second, Plaintiffs attempt to show "custom or usage" vesting this final policymaking authority in the DOB officials, but instead they conflate decision-making authority with final policymaking authority. For example, Plaintiffs point to statements by Mr. Rebholz agreeing that he had "authority to make final determinations that bound the city legally," Rebholz Tr. 24:21–25:5, and that he supervised staff issuing permit revocations, *id.* at 18:8–19:3. They fail to address, however, that Mr. Rebholz's audit decisions were subject to DOB policies and review. *See* Rebholz Tr. 154:8–155:7; 375:2–376:6. Plaintiffs also cite to testimony from Mr. Wallace that he was responsible for changing SROMD designations. Wallace Tr. 91:24–92:5. Plaintiffs, however, do not address Mr. Wallace's testimony that his decisions may have been subject to review. *Id.* at 92:6–93:2 ("Q: So did you need to seek approval from specific people before directing that these changes be made or did you have authority to direct them on your own? A: My recollection is that there might have been a discussion with either supervisors, or if appropriate, relevant people in the borough office."). This Circuit has found that it is "not enough [to find final policymaking authority, where] an official had discretion to make a decision that was unreviewable." *Agosto*, 982 F.3d at 98. Here, Plaintiffs have not even established that Mr. Rebholz and Mr. Wallace's determinations were unreviewable. And, while this testimony may go to the authority these individuals had to issue *decisions* about the permit, stop work order, and SROMD designation, it fails to establish their authority, pursuant to local laws or customs, to make final *policy* in these areas. *See Levin*, 179 F.4th at 141 ("'[a]n allegation of policy-making authority . . . requires proof of the official's scope of employment and his role within the

municipal or corporate organization.'" (quoting *Rookard v. Health & Hosps. Corp.*, 710 F.2d 41, 45 (2d Cir. 1983)).

Plaintiffs do not point to a written delegation of the DOB Commissioner's powers, nor have they shown more than reviewable decision-making power. Consequently, this Court finds that Plaintiffs have failed to establish both that Mr. Rebholz is a final policymaker with regard to permit revocations, stop work orders, and SROMD designations, and that Mr. Wallace is a final policymaker with respect to SROMD designations.

B. **Martha Ann Weithman**

The New York City Charter vests authority in the HPD Commissioner to "exercise or delegate . . . the following functions, powers and duties which are vested in the department: (1) all functions of the city relating to the rehabilitation, maintenance, alteration and improvement of residential buildings and privately owned housing . . . ." N.Y.C. Charter § 1802. While this provision of the New York City Charter does not require a written delegation of power, Plaintiffs have failed to establish any "custom or usage" delegating to Ms. Weithman final policymaking authority relating to changing SROMD designations for the purposes of CONHs.

While Plaintiffs rely on deposition testimony from Ms. Weithman and HPD Deputy Commissioner AnnMarie Santiago suggesting that Ms. Weithman may be a final decisionmaker, they do not identify any statement suggesting that Ms. Weithman is a final policymaker. Plaintiffs identify some statements about Ms. Weithman's authority over litigation at HPD. They cite to Ms. Weithman's testimony that she is responsible, among several other duties, for "[m]aking sure HLD is doing what it needs to do, which is enforce the housing maintenance code." Weithman Tr. at 133:20–134:4. Further, Plaintiffs point to testimony establishing that she typically signs off on CONH application determinations. *See id.* at 138:20–139:6; *id.* at 145:14–

146:24 ("I sign off on the recommendation that turns into a final determination or an initial determination."). While Ms. Weithman might have authority to make final determinations about CONH applications, Plaintiffs do not cite to anything in her testimony or otherwise that suggests she is not constrained by policies set by others. This distinction is important. As the Supreme Court and this Circuit has cautioned, "[w]hen an official's discretionary decisions are constrained by policies not of that official's making, those policies, rather than the subordinate's [alleged] departures from them, are the act of the municipality." *Praprotnik*, 485 U.S. at 127; *see Agosto*, 982 F.3d at 99 (same). In fact, Plaintiffs have not identified any part of her deposition discussing the policies governing these decisions or any testimony suggesting that Ms. Weithman had final discretionary authority to make policy for HPD regarding SROMD designations.

Further, the Court is not convinced by Plaintiffs' reliance on an email between Ms. Weithman and Mr. Wallace.[1] In the email, the two officials discussed the SROMD designation of the hotel. After some back and forth, Mr. Wallace responded that he would "accept [Ms. Weithman's] email as direction" and instruct the change of the Hotel's SROMD designation. Weithman Tr. at 281:16–19. In Ms. Weithman's testimony, however, she stated, "I don't direct DOB to do anything." Weithman Tr. at 330:11-12. Even if the Court gave full weight to Wallace's email, all Plaintiffs have established is Ms. Weithman's decision-making authority over the SROMD designation, not her final policymaking authority.

---

[1] Nor is the Court persuaded by Plaintiffs' reliance on the Conflicts of Interest Board. The Rules of the City of New York define "a public servant . . . with substantial policy discretion" for four specific purposes defined by the Rules, none of which are at issue in this case. N.Y.C. R. tit. 53 § 1-02(a). Further, the rules do not require that those with substantial policy discretion meet the requirements of a final policymaking for the purposes of *Monell* liability. N.Y.C. R. tit. 53 § 1-02(a), (b).

**CONCLUSION**

For the foregoing reasons, Plaintiffs have failed to establish, as a matter of law, that Andrew Wallace, Martin Rebholz, and Martha Ann Weithman are final policymakers for the purposes of *Monell* liability. Plaintiffs' request that this Court find these individuals to be final policymakers is hereby **DENIED**.

**SO ORDERED.**

**Dated:** **November 4, 2026**
**New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**